SUCESIÓN DE SALVADOR JIMÉNEZ PÉREZ SANES y OTROS, deman-
dantes y recurridos, *v.* YOLANDA PÉREZ CIRINO, demandada
y peticionaria.

*Número:* CC-2000-632     *Resuelto:* 5 de marzo de 2001

*Raúl Rosa Rodríguez*, abogado de la parte peticionaria; *Francisco M. Troncoso*, abogado de la parte recurrida.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

El caso de autos nos brinda la oportunidad de expresarnos sobre la aplicación a una moción de determinaciones de hecho adicionales (Reglas 43.3 y 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III), y de la norma procesal de notificación esbozada en *Lagares v. E.L.A.*, 144 D.P.R. 601 (1997), con relación a la moción de reconsideración (Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III).

Veamos cuáles son los hechos procesales pertinentes.

I

El 17 de mayo de 1999 el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Carolina, dictó una sentencia en la que declaró con lugar la demanda de desahucio presentada por la Sucesión de Salvador Jiménez Sanes (en adelante Sucesión) contra la Sra. Yolanda Pérez Cirino. El 4 de junio se archivó en autos copia de su notificación.

Así las cosas, la demandada Pérez Cirino presentó una moción al amparo de la citada Regla 43.3 de Procedimiento Civil, mediante la cual solicitó determinaciones de hecho adicionales. Oportunamente, la Sucesión se opuso y alegó que el foro de instancia no tenía jurisdicción para considerar dicha moción, ya que la misma no fue notificada dentro del término jurisdiccional de diez (10) días establecidos en dicha regla. Arguyó que habiendo sido archivado en autos la notificación de la sentencia el 4 de junio de 1999, la parte demandada, señora Pérez Cirino tenía hasta el 14 de junio para *presentar y notificar* una moción bajo la Regla 43.3 de Procedimiento Civil, *supra*, y que no fue notificada de la presentación de la moción hasta el 29 de junio de 1999. El 28 de julio el tribunal de instancia denegó la moción y el 9 de agosto se archivó en autos copia de su notificación.([1])

Inconforme con este dictamen, el 25 de agosto la parte demandada, señora Pérez Cirino, acudió en apelación ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito), y cuestionó en los méritos la determinación del foro de instancia. La Sucesión, a su vez, presentó una moción de desestimación en la cual alegó que el Tribunal de Circuito no tenía jurisdicción, ya que la moción de determinaciones de hecho adicionales (Reglas 43.3 y 43.4 de Procedimiento Civil, *supra*), presentada en instancia el 14 de junio de 1999 no le fue notificada hasta el 29 de junio, pasado el término jurisdiccional de diez (10) días para *presentarla y notificarla*. El Tribunal de Circuito acogió este planteamiento y el 22 de junio de 2000 dictó sentencia mediante la cual resolvió que la moción sobre determinaciones de hecho adicionales presentada por la parte demandada —señora Pérez Cirino— "no paralizó el término para acudir en alzada en apelación por no haberse notificado a la parte adversa conforme a derecho, [por

___

([1]) El foro de instancia denegó la moción sobre determinación de hechos adicionales con un escueto "no ha lugar".

consiguiente,] el recurso de apelación ante nos se presentó fuera del plazo jurisdiccional". Esta sentencia fue notificada el 27 de junio. Inconforme con la misma, la demandada señora Pérez Cirino acudió ante nos y planteó la comisión de los siguientes errores:

> 1.Cometió error de Derecho el Honorable Tribunal de Circuito de Apelaciones al resolver que la Moción Para Que Se Hagan Determinaciones de Hechos Adicionales Bajo la Regla 43.3 de Procedimiento Civil, no paralizó el término para acudir en apelación.
> 2.Cometió error de Derecho el Honorable Tribunal de Circuito de Apelaciones al aplicar una doctrina jurisprudencial incorrectamente a una situación de hechos diferente que se rige por una disposición de Ley (Regla 43.3) diferente y con mayor alcance y amplitud a la cual nuestro más alto Tribunal no ha extendido la aplicación de la doctrina establecida en el caso de *Lagares Pérez* [v.] *E.L.A.*, 97 J.T.S. 149.

Decidimos revisar y expedimos el recurso. Con el beneficio de la comparecencia de ambas partes, resolvemos.

## II

Arguye la peticionaria Pérez Cirino que el mecanismo procesal de la reconsideración que presenta la citada Regla 47 es totalmente distinto al de las Reglas 43.3 y 43.4, ya que éstas proveen para la solicitud de determinaciones de hecho adicionales, son "más abarcadoras" y conceden "un derecho mayor a las partes," por lo cual no se debe extender a las mismas la aplicación de la doctrina enunciada en el caso *Lagares v. E.L.A.*, supra.

Expresó, además, que en el caso de autos fue "por error e inadvertencia" que se tardó en notificar la moción a la parte demandante, la Sucesión. Añadió que por la práctica y el uso y costumbre es que se notifica el escrito el mismo día en que se presenta, pero que en este caso, por error o inadvertencia se notificó dentro del término de los seis (6) días que se tenía para apelar la sentencia y que dicha tardanza no causó perjuicio alguno.

De otra parte, la demandante recurrida plantea que la norma establecida para la reconsideración en *Lagares v. E.L.A.*, supra, es de entera aplicación a una moción sobre determinaciones de hecho adicionales (Reglas 43.3 y 43.4 de Procedimiento Civil, *supra*). Entiende, además, que "las 'excusas' que ofrece la parte demandada-peticionaria para justificar su incumplimiento son vagas e imprecisas".

Pasemos ahora a discutir el derecho procesal aplicable.

## III

■ La Regla 43.3, al igual que la Regla 47, no contiene disposición alguna que establezca específicamente el término para notificar su presentación o que indique que dicho término es el mismo de diez (10) días que se establece para presentar la moción y que, por lo tanto, es uno jurisdiccional. De otra parte, distinto a lo que ocurre con la citada Regla 47, al amparo de la Regla 43.4 de Procedimiento Civil, *supra*, una vez "[r]adicada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones ... adicionales, quedarán interrumpidos los términos que establecen las Reglas 47, 48 y 53 para todas las partes".

■ La Regla 43.3 nuestra proviene de la Regla 52(b) de Procedimiento Civil federal. El propósito de esta regla es facilitarle al foro apelativo el entender las cuestiones de hecho que el foro de instancia ha determinado y son la base de sus conclusiones de derecho. 9A *Wright and Miller, Federal Practice and Procedure: Civil 2d* Sec. 2581, pág. 544 (1995). Ahora bien, existe una diferencia significativa con relación a la forma en que ambas reglas han sido redactadas. La regla federal dispone que la moción tiene que haber sido "hecha" (*made*) no más tarde de diez (10) días de haberse registrado la sentencia. Como en otras Reglas federales se utiliza el término "presentado" (*filed*) para establecer el punto de partida, algunos tribunales fe-

derales y comentaristas han interpretado que se cumple con el término dispuesto por la Regla 52(b) federal cuando, dentro del término de diez (10) días allí establecido, se le "notifica" (*serve*) a la otra parte la moción sobre determinaciones de hecho adicionales, aunque se presente la moción en el tribunal con posterioridad al término de diez (10) días. *Keohane v. Swarco, Inc.* 320 F.2d 429, 431–432 (6to Cir. 1963); 5 *Moore's Federal Practice*, pág. 2680; *Wright and Miller*, supra.

■ *A contrario sensu*, nuestra Regla 43.3 claramente dispone que una moción sobre determinaciones de hecho adicionales tiene que ser "presentada" (*filed*) a más tardar diez (10) días después de haberse archivado en autos una copia de la notificación de la sentencia.

En *Lagares v. E.L.A.*, supra, págs. 617–618, al atender una situación similar relacionada con la Regla 47 (sobre la reconsideración), expresamos que nuestras reglas procesales

> ... [p]reconizan como norma general que toda moción o alegación sea notificada a todas las partes del pleito y que éstas —si lo interesan— puedan comparecer a oponerse o apoyar lo solicitado. A ello responde lo que se dispone concretamente en la Regla 8.4 y en la Regla 67.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Se trata de una filosofía procesal que auspicia que todas las partes del pleito estén plenamente enteradas de todo lo que allí acontece y puedan expresarse sobre todos los desarrollos en éste.

■ Conforme esta filosofía, resolvimos que la moción de reconsideración hay que notificarla dentro del término de quince (15) días provisto para su presentación en la Regla 47. Aunque este término es jurisdiccional en lo referente a la presentación de la moción al tribunal, en cuanto a su notificación determinamos que por no estar específicamente establecido por ley, "dicha moción deb[ía] notificarse dentro del término referido, y que ello, prospectivamente, constituye un requisito de *cumplimiento estricto*".

(Énfasis en el original.) *Lagares v. E.L.A.*, supra, págs. 618–619.

## IV

■ Al aplicar la normativa procesal antes expuesta al caso de autos, encontramos que si bien existen diferencias entre la Regla 47 de Procedimiento Civil, *supra*, y las referidas Reglas 43.3 y 43.4, la filosofía que permea a éstas es similar. También ambas tienen en común que en ellas no se establece un término específico para realizar la notificación ni la naturaleza de éste, si es jurisdiccional, de cumplimiento estricto o simplemente directivo.

■ Por todo lo antes expuesto, aplicamos la norma procesal enunciada en *Lagares v. E.L.A.*, supra, a la notificación que se exige se haga en relación con la moción de determinaciones de hecho adicionales de la citada Regla 43.3. En otras palabras, el término para notificar es el mismo de diez (10) días que se tiene para presentar la moción al tribunal y será de cumplimiento estricto. Esta norma se aplicará prospectivamente.

Por todo lo antes expuesto, *se dictará sentencia revocando la emitida por el Tribunal de Circuito el 22 de junio de 2000 y devolviendo el caso a dicho tribunal para que continúen los procedimientos de forma compatible con lo aquí expuesto.*

El Juez Asociado Señor Rivera Pérez se inhibió.