EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Junta de Directores Cooperativa de Viviendas Jardines de San Francisco<br><br>    Peticionaria<br><br>        v.<br><br>  Liana Ramos Sancho<br><br>    Recurrida | Certiorari<br><br>2002 TSPR 113<br><br>157 DPR \_\_\_\_ |

Número del Caso: CC-2001-875


Fecha: 28 de agosto de 2002


Tribunal de Circuito de Apelaciones:
                    Circuito Regional I


Jueza Ponente:
                    Hon.Jeannette Ramos Buonomo

Abogado de la Parte Peticionaria:

                    Lcdo. José Velaz Ortiz

Abogados de la Parte Recurrida:

                    Lcdo. Juan E. Brunet Justiniano
                    Lcdo. Guillermo Santiago Rodríguez


Materia: APTO. 404-1 Revisión al Amparo Ley #50 (4 de agosto de 1994)
        Ley General de Sociedades Cooperativa.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Junta de Directores
Cooperativa de Viviendas
Jardines de San Francisco

    Peticionaria

       v.                                    CC-2001-875      Certiorari

**Liana Ramos Sancho**

    **Recurrida**


**Opinión del Tribunal emitida por el Juez Asociado SEÑOR CORRADA DEL RÍO**


**San Juan, Puerto Rico a 28 de agosto de 2002.**


**Nos corresponde determinar si el término para notificar a una junta de directores de una cooperativa de vivienda y demás partes envueltas al presentarse una petición de revisión de una decisión de dicha junta ante el Tribunal de Primera Instancia (en adelante TPI), es uno jurisdiccional o de cumplimiento estricto, ello al amparo de la normativa aplicable a las cooperativas de vivienda, contenida en los Arts. 35.0-35.9 de la Ley Núm. 50 de 4 de agosto de 1994, conocida como la Ley General de Sociedades Cooperativas de Puerto Rico (en lo sucesivo "Ley Gen. de Soc. Coop."), 5 L.P.R.A. sec. 4350-4359 (1997).**

El 11 de octubre de 2000, la Junta de Directores de la Cooperativa de Vivienda Jardines de San Francisco (en lo sucesivo "la Junta") notificó a la Sra. Liana Ramos Sancho (en adelante "la Sra. Ramos Sancho") una resolución mediante la cual la separó como socia de dicha entidad, privándola de todos los derechos conferidos y requiriéndole que desalojara y entregara la unidad de vivienda que ocupaba.

A tenor del Art. 35.8 de la Ley Gen. de Soc. Coop., 5 L.P.R.A. sec. 4358 (1997), el 24 de octubre de 2000, la Sra. Ramos Sancho solicitó ante el TPI la revisión de la resolución antes indicada. El 27 de octubre de 2000, notificó a la Junta copia del escrito de revisión.

La Junta solicitó que se dictara sentencia sumaria a su favor. Alegó que, conforme al Art. 35.8 de la Ley Gen. de Soc. Coop., *supra*, la Sra. Ramos Sancho debió notificarle el escrito de revisión en un término de quince (15) días a partir de la notificación de la resolución, y que dicho término era de carácter jurisdiccional. Bajo el argumento de que la copia del escrito le fue notificada un día más tarde del término dispuesto, arguyó que el TPI carecía de jurisdicción por no haberse perfeccionado el recurso. Celebrada una vista a tales fines, el 25 de mayo de 2001, el TPI dictó sentencia mediante la cual desestimó el recurso de revisión por falta de jurisdicción.

Inconforme con dicha determinación, la Sra. Ramos Sancho recurrió ante el Tribunal de Circuito de Apelaciones (en lo sucesivo TCA) mediante un escrito de *certiorari*. El 10 de octubre de 2001, el TCA revocó el dictamen del TPI y determinó que el término de quince (15) días para notificar a la Junta era uno de cumplimiento estricto.

Por entender que el TCA erró en su dictamen, el 30 de octubre de 2001 la Junta presentó ante nos una petición de *certiorari*. Alegó que, el TCA incidió 1) al sostener como válida la notificación realizada fuera del término dispuesto por la Ley Gen. de Soc. Coop.; y 2) al sostener como válida la solicitud de revisión judicial presentada ante el TPI, en la cual, alegadamente, se omitieron documentos y hechos esenciales.

Expedido el auto mediante Resolución de 14 de diciembre de 2001, y contando con la comparecencia de las partes, procedemos a resolver.

## II

En vista de que las cuestiones planteadas en el segundo señalamiento de error no fueron consideradas por el foro de instancia ni por el por foro apelativo intermedio, sólo nos limitaremos a resolver la controversia en cuanto a si el término para notificar a la Junta a tenor del Art. 35.8 de la Ley Gen. de Soc. Coop., *supra*, es de carácter jurisdiccional o de cumplimiento estricto.

## A

"Las cooperativas de vivienda son aquellas que se dedican a la administración, compra, construcción, venta, alquiler y a cualquier otra actividad relacionada con la vivienda y la convivencia comunitaria." Art. 35.0 de la Ley Gen. de Soc. Coop., 5 L.P.R.A. sec. 4350 (1997). Los asuntos de las cooperativas sujetas a las disposiciones de la Ley Gen. de Soc. Coop. recaen sobre los hombros de una junta de directores, cuya constitución, poderes y funcionamiento se rige por lo dispuesto en los Arts. 15.0-15.3 de la citada ley, 5 L.P.R.A. secs. 4150-4163 (1997).[1]

---

[1] La Ley Gen. de Soc. Coop., *supra,* tiene el propósito de agilizar y liberalizar la estructura cooperativa de acuerdo con las tendencias mundiales modernas, de forma que contribuya al desarrollo de las cooperativas que actualmente operan y que a su vez, resulte atractiva

Conforme al Art. 35.5 de la Ley Gen. de Soc. Coop., 5 L.P.R.A. sec. 4355 (1997), la junta de directores tiene la facultad de amonestar, imponer penalidades, y separar de sus derechos y requerir el desalojo de todo socio, e inclusive su núcleo familiar, que incumpla con sus obligaciones de pago o que incurra en conducta indebida, según la define el Art. 35.4 de la ley, 5 L.P.R.A. sec. 4354 (1997). Si la actuación del socio acarrea ser separado como tal y la pérdida de sus derechos y beneficios en la cooperativa, la junta de directores deberá iniciar un procedimiento de exclusión conforme dispone el Art. 35.6 de la Ley Gen. de Soc. Coop., 5 L.P.R.A. sec. 4356 (1997).

Ahora, toda persona que resulte perjudicada por una determinación de la junta de directores tendrá derecho a presentar una petición de revisión ante el TPI. Dicha petición deberá ser presentada en un término de quince (15) días, contados a partir de la notificación por correo certificado de la decisión emitida por la junta de directores. Al respecto, el Art. 35.8 de la Ley Gen. de Soc. Coop., *supra*, dispone lo siguiente:

> Toda persona que resulte perjudicada por la decisión final de la junta de directores, y haya agotado todos los recursos ante la junta, tendrá derecho a que el Tribunal de Primera Instancia revise dicha decisión.

para la formación de nuevas cooperativas. Véase, Exposición de Motivos Ley Gen de Soc. Coop. Así pues, provee un conjunto de normas, doctrinas y guías que condicionan la actuación de las entidades cooperativas y los sujetos que en ella participan. Ahora bien, de conformidad con el Art. 3 de la referida ley, 5 L.P.R.A. 4020, las cooperativas son personas jurídicas privadas de interés social fundadas en la solidaridad y el esfuerzo propio para realizar actividades económico-sociales con el propósito de satisfacer necesidades individuales y colectivas sin ánimo de lucro. De conformidad con lo anterior, no le es aplicable la amplia definición del concepto agencia, previsto en la Ley de Procedimiento Administrativo Uniforme, Ley 170 de agosto de 1998, 3 L.P.R.A. 2101 et seq. Se rigen pues, por el derecho cooperativo y, supletoriamente, por el derecho que le sea aplicable en cuanto sea compatible con su naturaleza. Art. 2.2. Ley Gen. de Soc. Coop., *supra*.

Los procedimientos para la revisión judicial habrán de iniciarse radicando en la sala con competencia del Tribunal de Primera Instancia la petición correspondiente dentro de los quince (15) días de haberse notificado por correo certificado la decisión final de la junta. Copia de la petición se enviará a la junta y a las partes envueltas.

La radicación de la petición de revisión judicial no impedirá que se ponga en efecto la decisión de la junta a menos que el tribunal revisador ordene la suspensión de la misma mientras esté pendiente la revisión, previa justificación de causa para ello.

Cualquier parte que resulte perjudicada por la sentencia del Tribunal de Primera Instancia podrá solicitar la revisión de dicho fallo mediante *certiorari*, dentro de los 15 días del archivo en autos de la decisión del Tribunal de Primera Instancia. [Énfasis suplido.]

B

Como podemos apreciar, el Art. 35.8 de la Ley Gen. de Soc. Coop., *supra*, ordena que copia de la petición de revisión le sea notificada a la junta y a las partes envueltas en el procedimiento. No obstante, el artículo guarda silencio respecto al término específico para realizar dicha gestión y en cuanto a la naturaleza de éste, si es jurisdiccional o de cumplimiento estricto. Aclaramos que, aun cuando no existe controversia respecto al término para notificar, y en vista de la filosofía que permea todo proceso judicial, la cual "auspicia que todas las partes del pleito estén plenamente enteradas de todo lo que allí acontece y puedan expresarse sobre todos los desarrollos en éste," *Lagares v. E.L.A.*, 144 D.P.R. 601, 618 (1997), resulta forzoso concluir que la notificación debe ser realizada de manera simultánea a la presentación del escrito y dentro del término de quince (15) días.

Dada la ausencia de una expresión clara del legislador en cuanto a la naturaleza jurisdiccional del término no podemos impartirle dicho carácter al mismo. Por tanto, la notificación a la junta y

a las partes envueltas dentro del término de quince (15) días es uno de cumplimiento estricto.

Sobre este particular, ilustrativos nos parecen *Lagares v. E.L.A.*, supra, y *Sucn. Salvador Jiménez v. Pérez*, res. el 5 de marzo de 2001, 153 D.P.R. ___, 2001 T.S.P.R. 28, 2001 J.T.S. 31. En *Lagares v. E.L.A.*, supra, nos enfrentamos a una controversia similar a la de autos respecto a la Regla 47 de las de Procedimiento Civil, R. Proc. Civil P.R. 47, 32 L.P.R.A. Ap. III (2001), la cual gobierna el mecanismo de la moción de reconsideración. Allí expresamos que, tomando en consideración que la atribución de carácter jurisdiccional tiene graves consecuencias procesales, ya que éste tiende a privar al foro judicial de autoridad para entender en el pleito o reclamación, "sólo puede determinarse la falta de jurisdicción de un tribunal sobre algún asunto si ello 'se ha dispuesto claramente por ley'." *Íd.*, a la pág. 617; véase además, *Junta Dir. Cond. Montebello v. Fernández*, 136 D.P.R. 223 (1994).[2] De esta manera, allí concluimos que el término para notificar a las partes de copia de una moción de reconsideración es uno de cumplimiento estricto; toda vez que la Regla 47 de Procedimiento

---

[2] Al respecto, véase *Méndez v. Corp. Quintas San Luis,* 127 D.P.R. 635 (1991) y *González v. Bourns,* 125 D.P.R. 48 (1989). En el primero, reconocimos el carácter jurisdiccional de la notificación a las otras partes del pleito, de una solicitud de revisión judicial de una decisión administrativa, a tenor de la Ley de Procedimiento Administrativo Uniforme, *supra,* puesto que dicho estatuto dispone expresamente que "la parte notificará la solicitud de revisión... a todas las partes dentro del término para solicitar dicha revisión." En el segundo, resolvimos que la notificación de un escrito de apelación del Tribunal de Distrito al Tribunal Superior, era uno jurisdiccional, a la luz del lenguaje de la Regla 53.2 de Procedimiento Civil,

continúa...

... 2 continuación

*supra,* que dispone que "el apelante notificará la presentación del escrito de apelación a todas las partes... dentro del término para apelar."

Civil, *supra,* a diferencia de las reglas que gobiernan los recursos de apelación y revisión, nada dispone de forma específica respecto a la notificación de dicha moción a la parte adversa. *Lagares v. E.L.A.,* supra.[3]

Por su parte, en *Sucn. Salvador Jiménez v. Pérez*, supra, hicimos eco de nuestras expresiones en *Lagares v. E.L.A.*, supra. En aquella ocasión determinamos que el requisito de notificación a las partes de copia de una solicitud de determinaciones de hechos adicionales, al amparo de las Reglas 43.3 y 43.4 de las de Procedimiento Civil, R. Proc. Civil P.R. 43.3 & 43.4, 32 L.P.R.A. Ap. III (2001), es uno de cumplimiento estricto.

En síntesis, a tenor del Art. 35.8 de la Ley Gen. de Soc. Coop., *supra*, la notificación a una junta de directores de una cooperativa de vivienda y demás partes envueltas en un proceso de revisión judicial ante el TPI deberá hacerse dentro del término de quince (15) días para presentar el recurso. El término para notificar a las partes es uno de cumplimiento estricto, y de no cumplirse la parte deberá acreditar las razones que justifiquen dicha dilación. De no justificarse la tardanza el recurso será desestimado. Al igual que en *Lagares v. E.L.A.*, supra, y en *Sucn. Salvador Jiménez v. Pérez*, supra, la norma enunciada se aplicará prospectivamente.

### III

Por las razones que anteceden, confirmamos el dictamen del Tribunal de Circuito de Apelaciones. Se devuelve el caso al Tribunal de Primera Instancia para que continúen con los procedimientos.

---

[3] En lo pertinente, expresamos a la pág. 617, "en particular, la ausencia de un expreso mandato legislativo sobre el término dentro del cual deban notificarse [las mociones de reconsideración], nos impide resolver por puro fíat judicial que la notificación de dichas mociones dentro del término para presentarlas es un requisito jurisdiccional" [énfasis en el original].

Se dictará sentencia de conformidad.


BALTASAR CORRADA DEL RÍO

Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Junta de Directores
Cooperativa de Viviendas
Jardines de San Francisco

    Peticionaria

       v.                        CC–2001–875      Certiorari

Liana Ramos Sancho

    Recurrida

**SENTENCIA**

**San Juan, Puerto Rico a 28 de agosto de 2002.**

**Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia confirmando el dictamen del Tribunal de Circuito de Apelaciones.  Se devuelve el caso al Tribunal de Primera Instancia para que continúen con los procedimientos.**

**Lo pronunció, manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo.**

**Carmen E. Cruz Rivera**
**Subsecretaria del Tribunal Supremo**