EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Landislaus M. Szendrey y su esposa Maricarmen Ramos de Szendrey y la Sociedad Legal de Bienes Gananciales compuesta por ambos<br><br>Recurridos<br><br>v.<br><br>F. Castillo Family Properties, Inc., et al.<br><br>Peticionarios | Certiorari<br><br>2007 TSPR 6<br><br>169 DPR \_\_\_\_ |

Número del Caso: CC-2006-456

Fecha: 16 de enero de 2007

Tribunal de Apelaciones:

  Región Judicial de San Juan-Panel V


Panel integrado por su presidente, el Juez Rivera Martínez, el Juez González Rivera y el Juez Ramírez Nazario.


Abogados de la Parte Peticionaria:

  Lcdo. José G. Barea Fernández
  Lcdo. Ángel López Hidalgo

Abogados de la Parte Recurrida:

  Lcda. Ernesto González Piñero
  Lcdo. Juan J. Hernández López De Victoria
  Lcdo. Maricarmen Ramos De Szendrey


Oficina del Procurador General:

  Lcda. Sarah Y. Rosado Morales
  Procuradora General Auxiliar


Materia: Régimen de Propiedad Horizontal y Daños y Perjuicios


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Landislaus M. Szendrey y su
esposa Maricarmen Ramos de
Szendrey y la Sociedad Legal
de Bienes Gananciales compuesta
por ambos

     Recurridos                    CC-2006-456

        v.

F. Castillo Family Properties,
Inc., *et al.*

     Peticionarios

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 16 de enero de 2007

Corresponde determinar en esta ocasión si procede revocar la sentencia dictada por el Tribunal de Apelaciones por carecer este foro de jurisdicción para entender en un recurso de apelación presentado prematuramente. Por entender que el foro apelativo intermedio asumió y retuvo jurisdicción impropiamente, revocamos su determinación.

I

El señor Landislaus M. Szendrey, su esposa Maricarmen Ramos de Szendrey y la Sociedad Legal de Gananciales compuesta por ambos (en adelante "los esposos Szendrey Ramos") presentaron demanda contra

F. Castillo Family Properties, Inc. (en adelante "Castillo"), Inversiones y Desarrollos del Caribe, Inc. (en adelante "INDECA"), los esposos Irizarry Almendáriz, GAM Realty Sociedad en Comandita S.E. (en adelante "GAM"), los esposos Collazo Torres, Metropolitan Professional Park Inc. (en adelante "MPP"), el Estado Libre Asociado de Puerto Rico, el Departamento de Corrección y Rehabilitación y la Administración de Corrección. Reclamaron daños y perjuicios por sufrimientos y angustias mentales y daños por el uso de una propiedad en contravención del reglamento del inmueble. El 28 de junio de 2005, el Tribunal de Primera Instancia, Sala Superior de San Juan, dictó sentencia declarando con lugar algunas de las reclamaciones de los esposos Szendrey Ramos y desestimando otras por insuficiencia de la prueba presentada.

Inconformes, el 19 de julio de 2005, los esposos Szendrey Ramos presentaron una solicitud de determinaciones de hechos adicionales al amparo de la Regla 43.3 de las de Procedimiento Civil, 32 L.P.R.A Ap. III R. 43.3. De igual forma y en esta misma fecha, los codemandados INDECA, los esposos Irizarry Almendáriz, GAM, los esposos Collazo Torres y MPP (en adelante "los codemandados") presentaron también una moción en virtud de la referida Regla 43.3.

El 3 de agosto de 2005, Castillo, uno de los codemandados en el pleito, presentó oposición a la solicitud presentada por los esposos Szendrey Ramos. Alegó que la referida moción le fue notificada fuera del término

de diez (10) días establecido por la Regla 43.3 para su presentación. Adujo además, que por ser este término uno de cumplimiento estricto, los esposos Szendrey Ramos tenían que demostrar la existencia de justa causa para la notificación que le realizaron un día después de finalizado el término dispuesto.

Así las cosas, el 6 de septiembre de 2005, estando pendiente de consideración las mociones presentadas por las partes y la determinación de justa causa para su notificación tardía, los esposos Szendrey Ramos presentaron un recurso de apelación ante el Tribunal de Apelaciones solicitando la revisión de la sentencia dictada por el tribunal de instancia. En respuesta, Castillo solicitó la desestimación del recurso presentado alegando que la sentencia recurrida no era final ya que tanto los demandantes como los demandados habían presentado oportunamente las mociones en controversia. Adujo que esta presentación interrumpió el término para presentar el recurso de revisión ante el foro apelativo intermedio. De otra parte, los esposos Szendrey Ramos objetaron esta solicitud alegando que el término apelativo nunca se interrumpió porque la moción de los codemandados fue notificada tardíamente también y que por lo tanto ninguna de las mociones interrumpió el término apelativo.

Luego de varios incidentes procesales, el 27 de octubre de 2005, el Tribunal de Apelaciones desestimó por falta de jurisdicción el recurso de apelación presentado

por los esposos Szendrey Ramos. En esencia, dicho foro determinó que el recurso presentado era prematuro y que no podía asumir jurisdicción hasta tanto el tribunal de instancia determinase si existió o no justa causa para la notificación tardía de las mociones, o, que de otra parte, resolviera definitivamente las solicitudes en controversia.

En desacuerdo, los esposos Szendrey Ramos solicitaron oportunamente reconsideración de esta determinación. Adujeron que el término para instar un recurso apelativo nunca se interrumpió ya que la moción fue notificada fuera del término de diez (10) días establecido por la Regla 43.3 para su presentación. Alegaron que en la eventualidad de que el tribunal de instancia concluyera que no existía justa causa para la notificación tardía de la moción, esta determinación tendría el efecto de no haber interrumpido el término para presentar el recurso apelativo por lo que quedarían desprovistos de un remedio de revisión. Por lo anterior, peticionaron que el tribunal apelativo retuviera jurisdicción sobre su recurso hasta tanto el tribunal de instancia determinara si existió justa causa para la notificación tardía de la moción.

El Tribunal de Apelaciones reconsideró su determinación y el 28 de diciembre de 2005, determinó devolver el caso al tribunal de instancia para que resolviera el asunto jurisdiccional planteado, determinando la existencia o no de justa causa para la notificación tardía de las mociones en controversia. Razonó que

mientras el tribunal de instancia no determinara la existencia de justa causa o resolviera definitivamente las mociones presentadas por la partes, debía "abstenerse de expresarse en cuanto a los méritos del recurso, puesto que dependiendo de la determinación del [tribunal de instancia] podía carecer de jurisdicción por resultar prematuro el recurso presentado."[1]   Más aún, dicho foro retuvo jurisdicción sobre el recurso presentado hasta tanto el tribunal de instancia resolviera la controversia sobre las solicitudes presentadas, argumentando que lo anterior evitaría que los demandantes quedaran desprovistos de alternativas para apelar la determinación del tribunal de instancia.

Insatisfechos, el 25 de enero de 2006 los codemandados Castillo, GAM y MPP, solicitaron sin éxito reconsideración. Alegaron que el foro apelativo intermedio no podía retener jurisdicción para entender posteriormente en el recurso de apelación y a su vez emitir órdenes al tribunal de instancia, ya que todavía estaban pendientes de consideración las mociones presentadas.   Argumentaron además, que dicho foro estaba adquiriendo una jurisdicción de tipo contingente que no había sido establecida estatutariamente.

El 24 de abril de 2006, el Tribunal de Apelaciones declaró no ha lugar la solicitud de reconsideración presentada por los codemandados.   Además, ordenó al

---

[1] Resolución del Tribunal de Apelaciones de 28 de diciembre de 2005, apéndice del recurso de *certiorari* a la pág. 709.

tribunal de instancia que dentro del término de diez (10) días determinara si existía justa causa o no para la notificación tardía de las mociones en controversia.[2]

Inconformes, los codemandados acudieron ante nosotros mediante moción en auxilio de nuestra jurisdicción el 12 de mayo de 2006, solicitándonos revisión de la determinación del tribunal apelativo. Alegaron que dicho foro erró "al conferirse una jurisdicción de carácter contingente . . . sujeta a las determinaciones del Tribunal de Primera Instancia."[3] El 17 de mayo de 2006 denegamos esta petición. No obstante, a solicitud de los codemandados, el 23 junio de 2006 reconsideramos esta determinación y expedimos el auto solicitado.

Luego de varios incidentes procesales y contando con la comparecencia de las partes pasamos a resolver.

## II

Una parte adversamente afectada por una sentencia dictada por el Tribunal de Primera Instancia tiene la facultad al amparo de la Regla 43.3 de las de Procedimiento Civil, de presentar una moción solicitando determinaciones iniciales o adicionales de hechos o conclusiones de derecho, o de otra forma, peticionando enmiendas a las

---

[2] El tribunal de instancia, cumpliendo con el mandado del Tribunal de Apelaciones, consideró las mociones en controversia. En Resolución emitida el 12 de mayo de 2006 y notificada a las partes y al tribunal apelativo en esta misma fecha, dicho tribunal determinó que no había justa causa para la notificación tardía de las mociones ante su consideración.

[3] *Certiorari* presentado por los peticionarios, pág. 5.

determinaciones ya hechas mediante sentencia. *Alicea Aguayo v. R&G Mortgage Corp.*, res. 2 de octubre de 2006, 169 D.P.R. ___, T.S.P.R. 145. La razón cardinal para solicitarle al tribunal sentenciador que "determine hechos específicos y consigne sus conclusiones de derecho es para que el juez de instancia quede satisfecho de que ha atendido todas las controversias de forma propia y completa, y demás para permitir a las partes y al foro apelativo estar completamente informados de la base de la decisión." J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Puerto Rico, Publicaciones JTS, 2000, Tomo I, a la pág. 695.

En reiteradas ocasiones hemos expresado que una oportuna y bien fundamentada solicitud de determinaciones de hechos y conclusiones de derecho adicionales, interrumpe los términos que tienen las partes para interponer una apelación, *certiorari*, reconsideración de sentencia o un recurso de certificación, entre otros. *Carattini et al. v. Collazo Systems Analysis, Inc.*, 158 D.P.R. 345 (2003); *Juliá et al. v. Epifanio Vidal, S.E.*, 153 D.P.R. 357, 366 (2001). *Rodríguez v. Zegarra*, 150 D.P.R. 649 (2000). De acuerdo a la Regla 43.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 43.4, estos términos comenzarán a transcurrir nuevamente tan pronto se archive en autos copia de la notificación de la resolución emitida por el tribunal de primera instancia resolviendo la referida moción. *Juliá et al. v. Epifanio Vidal, S.E.*, *supra*, a la pág. 366;

*Rodríguez v. Zegarra*, *supra*, a la pág. 653. Dicho de otra forma, es a partir de la fecha en que el tribunal de instancia resuelve y notifica la resolución atendiendo la moción solicitando determinaciones de hechos y conclusiones de derecho adicionales, que comienza a decursar nuevamente el término jurisdiccional de treinta (30) días que se tiene para recurrir en apelación al tribunal apelativo. *Íd.*

Es pertinente señalar que la Regla 53.1(g)(1) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 53.1(g)(1), dispone que el término para solicitar revisión de una sentencia ante el tribunal apelativo quedará interrumpido por la presentación oportuna de una solicitud de determinaciones de hechos y conclusiones de derecho adicionales. *Juliá et al. v. Epifanio Vidal, S.E.*, *supra*, a la pág. 366. *Rodríguez v. Zegarra*, *supra*, a la pág. 653. Dispone este precepto procesal, que el término apelativo se comenzará a computar nuevamente desde que sea archivada en autos copia de la notificación de cualquiera de las siguientes órdenes relacionadas con esta moción, como por ejemplo:

> (1) En las apelaciones al Tribunal [de Apelaciones] provenientes del Tribunal de Primera Instancia, declarando con lugar o denegando una moción bajo la Regla 43.3 para enmendar o hacer determinaciones iniciales o adicionales de hechos, fuere o no necesaria una modificación de la sentencia si se declarare con lugar la moción.

*Íd.*; Regla 53.1(g)(1) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 53(g)(1).

La notificación de la presentación de una moción al amparo de la Regla 43.3 de las de Procedimiento Civil, debe realizarse dentro del término de diez (10) días establecido para su presentación. Específicamente, en *Suc. Salvador Jiménez v. Pérez*, 153 D.P.R. 527, 533 (2001), resolvimos que el término para notificar la presentación de una solicitud de determinaciones de hechos adicionales al amparo de la citada Regla 43.3, es el mismo de diez (10) días que se tiene para su presentación posterior al dictamen y notificación de una sentencia del tribunal de instancia. Como señaláramos en aquella ocasión, este trámite procesal es uno de cumplimiento estricto, por lo que su incumplimiento implicará que no se interrumpirá el término disponible para apelar una sentencia ante el Tribunal de Apelaciones.

Reiteradamente hemos resuelto que cuando se trata de un término de cumplimiento estricto, los tribunales no están atados al automatismo que conlleva un requisito de carácter jurisdiccional y pueden por lo tanto, proveer el remedio que estimen pertinente, extendiendo el término según las circunstancias. *Rojas v. Axtmayer Ent., Inc.*, 150 D.P.R. 560, 564 (2000); *Lugo Rodríguez v. Súarez Camejo*, 19 de septiembre de 2005, 165 D.P.R. ___, 2005 T.S.P.R. 136. Sin embargo, los tribunales, a la hora de acoger y considerar un recurso presentado ante su consideración, no pueden prorrogar este término de forma automática. *Íd.*

Los tribunales pueden extender discrecionalmente un término de cumplimiento estricto o permitir su cumplimiento tardío, "solo cuando la parte que lo solicita demuestre justa causa para la tardanza." *Íd*; véase además *Arriaga v. F.S.E.*, 145 D.P.R. 122, 131 (1998). Elaborando sobre lo anterior, hemos determinado que los foros adjudicativos pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto si: (1) en efecto existe justa causa para la dilación, y, (2) si la parte le demuestra detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada le acredite al tribunal de manera adecuada la justa causa aludida. *Íd*. En ausencia de estas circunstancias, los tribunales carecen de discreción para prorrogar el término y, en consecuencia, acoger el recurso de revisión ante su consideración. *Íd*; *véase* además *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 D.P.R. 651, 657 (1997).

Consistentemente hemos advertido que los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen. *Lugo Rodríguez v. Súarez Camejo*, *supra*; *Morán Ríos v. Marti Bardisona*, res. 5 de agosto de 2005, 165 D.P.R. ___, 2005 T.S.P.R. 110. Lo anterior nos ha llevado a concluir que las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y como tal deben atenderse y resolverse con preferencia a cualesquiera otras. *Íd.*;

*Autoridad sobre Hogares v. Sagastivelza*, 71 D.P.R. 436 (1950).   En cumplimiento con este deber, nuestros tribunales deben tener presente que "[u]na sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho *y, por lo tanto, inexistente*." *Montañez Rivera v. Policía*, 150 D.P.R. 917, 921 (2000). (Énfasis en el original).

La falta de jurisdicción de un tribunal no es susceptible de ser subsanada. *Souffront Cordero v. A.A.A.*, res. 21 de abril de 2005, 163 D.P.R. ___, 2005 T.S.P.R. 49 y casos allí citados.   En consideración de lo anterior, le corresponde a los foros adjudicativos examinar su propia jurisdicción, así como aquella del foro de donde procede el recurso ante su consideración.   Más aún, los tribunales tienen el deber ministerial, una vez cuestionada su jurisdicción, de examinar y evaluar rigurosamente el planteamiento jurisdiccional pues éste incide directamente sobre el poder mismo para adjudicar una controversia. *Íd*. Una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos. *Íd*.

En numerosas ocasiones hemos expresado que este Tribunal tiene la responsabilidad de asegurarse que nuestro foro apelativo intermedio dispense justicia conforme el

ámbito de autoridad que se le ha conferido estatutariamente. Es entonces que, en el ejercicio de esta tarea, **"[c]uando el Tribunal de Apelaciones asuma jurisdicción en un recurso cuando no la tenga[,] es nuestro deber así declararlo y desestimar el recurso."** *Morán Ríos v. Marti Bardisona*, *supra*. (Énfasis suplido.)

Es norma reiterada por este Foro que "[u]na apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre." *Juliá et al. v. Epifanio Vidal*, S.E., *supra*, a la pág. 366; *Pérez v. C.R. Jiménez, Inc.*, 148 D.P.R. 153 (1999); *Hernández v. Marxuach Const. Co.*, 142 D.P.R. 492 (1997). Conforme este pronunciamiento, hemos concluido que todo recurso presentado prematuramente carece de eficacia y por tanto no produce efecto jurídico alguno ya que al momento de ser presentado el tribunal no tiene autoridad para acogerlo **y mucho menos para conservarlo con la intención de reactivarlo posteriormente en virtud de una moción informativa.** *Juliá et al. v. Epifanio Vidal S.E.*, *supra*, a la pág. 366 citando a *Pueblo v. Santana Rodríguez*, 148 D.P.R. 400 (1999). De hecho, considerando una controversia similar a la de autos, hemos expresado que:

> Si el [Tribunal de Apelaciones] no tenía jurisdicción para entender en la apelación, tampoco la tenía para, usando como base las precitadas Reglas 53.9(a) de Procedimiento Civil y 18 de su Reglamento, ordenar al Tribunal de Primera Instancia que resolviera de nuevo la moción para solicitar determinaciones de hecho

adicionales que estaba pendiente al presentarse la apelación.

El efecto suspensivo que reconocen ambas reglas está apuntalado en la premisa de que el foro apelativo tiene jurisdicción en virtud de la apelación interpuesta. Lógicamente, de carecerla por prematura, como en el caso de autos, la apelación no tiene el efecto suspensivo visualizado en esa normativa.

*Íd.* a la pág. 367 citando a *Rodríguez v. Zegarra*, *supra*, a las págs. 654-655.

A la luz de la doctrina antes expuesta, evaluemos los hechos que originan la controversia ante nuestra consideración.

### III

Las partes del presente caso solicitaron oportunamente determinaciones de hechos y conclusiones de derecho adicionales al amparo de la Regla 43.3 de las de Procedimiento Civil. La presentación de estas solicitudes ante el Tribunal de Primera Instancia se realizó dentro del término de diez (10) días establecido por el referido precepto procesal. Sin embargo, tanto la parte peticionaria como los recurridos, notificaron la presentación de sus solicitudes un día después de finalizado el término disponible para presentar las mismas.

Como señaláramos, el requisito de notificar la presentación de una solicitud de determinaciones de hechos y conclusiones de derecho adicionales es uno de cumplimiento estricto. El incumplimiento con este requerimiento, privará de jurisdicción al tribunal de

instancia para entender en las mismas. Más aún, la inobservancia de este precepto no interrumpirá el término que se tiene para solicitar la revisión de una sentencia ante el Tribunal de Apelaciones.

Ahora bien, tratándose de un requisito de cumplimiento estricto, el tribunal de instancia podía permitir la notificación tardía de la presentación de las solicitudes en controversia, si determinaba que existía justa causa que justifique este trámite fuera del término. De hecho, al momento en que los señores Zsendrey Ramos presentaron su recurso apelativo ante el Tribunal de Apelaciones, el Tribunal de Primera Instancia había acogido las mociones presentadas por las partes y tenía la intención de evaluar si existía o no justa causa para la notificación tardía de las mismas. Ante lo anterior, resulta forzoso concluir que el tribunal de instancia no había considerado ni se había expresado aún sobre un asunto que estaba dentro de su jurisdicción, por lo cual no había comenzado a transcurrir el término para acudir en alzada.

No obstante lo anterior, el Tribunal de Apelaciones acogió y consideró un recurso de apelación de forma prematura. Reiteramos, al momento de ser presentado, todavía el Tribunal de Primera Instancia no había determinado si en efecto tenía jurisdicción para considerar las solicitudes en controversia y si las mismas procedían. Esta situación impedía que el foro apelativo intermedio acogiera y considerara el recurso de apelación y mucho

menos que retuviera jurisdicción sobre el mismo hasta que el tribunal de instancia cumpliera con su mandato. Como resultado de este proceder, el Tribunal de Apelaciones dictó una sentencia nula e inexistente por haber sido dictada sin jurisdicción.

En vista de lo anterior, procede dictar sentencia revocando la determinación del Tribunal de Apelaciones y desestimar el recurso presentado ante dicho foro por falta de jurisdicción.

Se dictará sentencia de conformidad.


                                        Anabelle Rodríguez Rodríguez
                                              Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Landislaus M. Szendrey y su
esposa Maricarmen Ramos de
Szendrey y la Sociedad Legal
de Bienes Gananciales compuesta
por ambos

    Recurridos                CC-2006-456

       v.

F. Castillo Family Properties,
Inc., *et al*.

    Peticionarios

SENTENCIA

San Juan, Puerto Rico, a 16 de enero de 2007

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria del dictamen emitido en el presente caso por el Tribunal de Apelaciones y se ordena la desestimación del recurso allí presentado.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo