ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| OSCAR CRESPO & ASOCIADOS, INC.<br><br>Demandante-Apelante<br><br>v.<br><br>XAVIER CRESPO QUIÑONES, ZAMASLIE TORRES SOTO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, OSCAR JAVIER CRESPO TORRES, JOMARY SANTIAGO BARBOSA Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; OSCAR CRESPO CORP.; BANCO SANTANDER PUERTO RICO; DEMANDADOS A, B Y C COMPAÑÍA ASEGURADORA X Y COMPAÑÍA ASEGURADORA Z<br><br>Demandados-Apelados | KLAN202300155 | Apelación procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Civil Núm.: PO2018CV01667<br><br>Sobre: Cobro de Dinero<br><br>Consolidados<br><br>con |
| OSCAR CRESPO LÓPEZ POR SÍ Y EN REPRESENTACIÓN DE OSCAR CRESPO & ASOCIADOS, INC., ELIEZER CRESPO QUIÑONES POR ´SI Y COMO FIDUCIARIO DE FIDEICOMISO CRESPO QUIÑONES<br><br>Demandante<br><br>v.<br><br>OSCAR CRESPO CORP., XAVIER CRESPO QUIÑONES, ZAMASLIE TORRES Y LA SOCIEDAD LEGAL DE GANANCIALES QUE AMBOS COMPONEN; FIDEICOMISO CRESPO SANTIAGO REPRESENTADO POR SU FIDUCIARIA ARLENNE SANTIAGO, FRANCISCO LEÓN SÁNCHEZ H/N/C DL INTERNATIONAL, POR SÍ EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES QUE COMPONE CON SUTANA DE TAL, DEMANDADOS DESCONOCIDOS A Y B<br><br>Demandados | | Civil Núm. PO2019CV00946<br><br>Sobre: *Injunction* Preliminar y Permanente y Acción Civil |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores

**Figueroa Cabán, Juez Ponente**

Número de Identificador

SEN2023_____

**SENTENCIA**

En San Juan, Puerto Rico a 30 de junio de 2023.

Comparece Oscar Crespo & Asociados, Inc. y otros, en adelante Crespo & Asociados, Inc. o los apelantes, y solicitan que revisemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Ponce, en adelante TPI. Mediante la misma, el TPI desestimó sin perjuicio los casos consolidados números P02018CV01667 y PO2019CV00946 al amparo de la Regla 22. 1 y 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 22.1 y 39.2(a).

Por los fundamentos que expondremos a continuación, se desestima el recurso de apelación por falta de jurisdicción por incumplir con los requisitos de la Regla 14(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, R. 14(B).

**-I-**

Crespo & Asociados, Inc. presentó una *Demanda*[1] sobre cobro de dinero contra Xavier Crespo Quiñones, Oscar Crespo Corp., en adelante Crespo Corp.; el Sr. Xavier Crespo Quiñones; Banco Santander Puerto Rico; y otros; en conjunto los apelados.

Posteriormente, el Sr. Oscar Crespo López, por sí y en representación de Crespo & Asociados, Inc., el Sr. Eliezer Crespo Quiñones, por sí y como fiduciario del Fideicomiso Crespo Quiñones, presentaron una segunda *Demanda*[2] de *injunction* preliminar y acción civil contra Crespo Corp., el Sr. Xavier Crespo Quiñones, la Sra. Zamaslie Torres Soto y la SBG compuesta por ambos y el Fideicomiso Crespo Santiago, representado por la Sra. Arlenne Santiago, entre otros.

---

[1] Apéndice de los apelantes, págs. 2-5.
[2] *Id.*, págs. 7-25.

Así las cosas, el TPI ordenó la consolidación del caso PO2019CV00946 con el caso de mayor antigüedad PO2018CV01667.[3]

Luego de varios trámites procesales, el TPI emitió una *Sentencia*[4] en la cual desestimó sin prejuicio los casos consolidados, conforme a las Reglas 22.1 y 39.2(a) de Procedimiento Civil, *supra*.

Inconformes con dicha determinación, los apelantes presentaron una *Apelación* en la que alegan que el TPI incurrió en los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL AL CONCLUIR QUE PROCEDE LA DESESTIMACIÓN DEL CASO DE EPÍGRAFE EN BASE A LA REGLA 22.1 DE PROCEDIMIENTO CIVIL.

> ERRÓ EL HONORABLE TRIBUNAL AL CONCLUIR QUE PROCEDE LA DESESTIMACIÓN DEL CASO DE EPÍGRAFE EN BASE A LA REGLA 39.2 DE PROCEDIMIENTO CIVIL.

El 12 de mayo de 2023 el co-apelado, Banco Santander Puerto Rico, presentó un *Aviso sobre Incumplimiento con Regla 14 del Reglamento y Solicitud de Desestimación*. Adujo, que contrario a la disposición reglamentaria previamente citada, los apelantes no presentaron al TPI la cubierta o primera página de escrito de apelación en el término de 72 horas siguientes a la presentación del recurso. Acompañó con su escrito copia de una notificación emitida el 10 de mayo de 2023 por el foro sentenciador en la que se afirma lo anterior.

En dicho contexto procesal, le concedimos término a los apelantes para que expusieran su posición.

Luego de revisar los escritos de las partes, y los documentos que obran en autos, estamos en posición de resolver.

---

[3] *Id.*, págs. 27-28.
[4] *Id.*, págs. 83-95.

**-II-**

**A.**

La Regla 14(B) del Reglamento del Tribunal de Apelaciones*, supra*, en lo pertinente, dispone lo siguiente:

Regla 14 — Presentación y notificación

[…]

(B)  De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las setenta y dos horas siguientes a la presentación del escrito de apelación. Este término será de cumplimiento estricto.
[…][5]

Acatar esta y cada una de las disposiciones reglamentarias bajo el Derecho Procesal Apelativo es ineludible y, por consiguiente, su cumplimiento no es discrecional.[6] De esta manera se garantiza que los tribunales apelativos cuenten con un expediente completo del caso y estén en mejor posición para resolver la controversia ante sí.[7] Por esta importante razón, el Tribunal Supremo de Puerto Rico, en adelante TSPR, declaró:

La marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Como axioma de ese principio, es una norma conocida por toda la profesión legal en Puerto Rico que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. En ese sentido, las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente.[8]

---

[5] Regla 14(B) del Reglamento del Tribunal de Apelaciones, *supra.*
[6] F. Figueroa Cabán, *Errores en la Práctica Apelativa que Acarrean Sanciones Disciplinarias y Estrategias para Evitarlos*, 87 (Núm. 211) Rev. Jur. UPR 212, 220 (2018).
[7] *Id.*
[8] *Id.*, (citando a *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013)).

**B.**

Los términos provistos por las leyes y reglas procesales para que las partes actúen dentro de determinado plazo son de diversa naturaleza: discrecionales, directivos, de estricto cumplimiento, fatales o jurisdiccionales.

Al respecto, el TSPR ha indicado que ante la ausencia de una expresión clara del legislador en cuanto a la naturaleza jurisdiccional del término no se le puede impartir dicho carácter.[9] Cuando el legislador ha querido que un término para resolver un asunto sea fatal o jurisdiccional, lo establece expresamente en la ley.[10] El incumplimiento con un término jurisdiccional tiene graves consecuencias procesales, priva al foro de autoridad para entender el asunto, en tales casos sólo puede determinar la falta de jurisdicción y desestimar la cuestión.[11]

El TSPR concluyó que a falta de expresión clara de la ley sobre el carácter jurisdiccional del término significa que es de cumplimiento estricto.[12] Por su parte, un término de cumplimiento estricto es aquel cuya inobservancia puede ser tolerada siempre y cuando medie justa causa para ello. Sin embargo, esto no quiere decir que los tribunales tengan la facultad irrestricta de extender un término de cumplimiento estricto.[13] Por el contrario, sólo tenemos discreción para prorrogar un término de complimiento estricto cuando la parte que actuó tardíamente "hace constar las circunstancias

---

[9] *Junta de Directores v. Ramos*, 157 DPR 818, 823-824 (2002).
[10] *In re Godinez Morales,* 161 DPR 219, 237 (2004).
[11] *Junta de Directores v. Ramos, supra*, pág. 824.
[12] Véase, *Junta de Directores v. Ramos, supra*; *Scn. Salvador Jiménez v. Pérez*, 153 DPR 527 (2001); *Lagares v. ELA.* 144 DPR 601 (1997).
[13] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013).

específicas", la justa causa, y justifique esas circunstancias presentando evidencia que acredite las circunstancias que forma la justa causa que presentó.[14]

El TSPR explicó en *Soto Pino v. Uno Radio Group* la manera correcta de acreditar la justa causa:

> [L]a acreditación de la justa causa le impone una carga considerable a los abogados y a las partes que estén obligados a demostrarla. Hemos señalado que "[l]a acreditación de justa causa se hace con explicaciones concretas y particulares – debidamente evidenciadas en el escrito que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa".
>
> No puede ser de otra manera. Si se permite que la acreditación de la justa causa se convierta en un juego de mero automatismo en el que los abogados conjuran excusas genéricas, carentes de detalles en cuanto a las circunstancias particulares que causaron la tardanza en cumplir con el término, se trastocaría todo nuestro ordenamiento jurídico. De esa manera se convertirían los términos reglamentarios en metas amorfas que cualquier parte podría postergar.[15]

Luego reiteró las condiciones que debemos seguir para eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, estas son: **1) que en efecto exista justa causa para la dilación; 2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación;** es decir, que la parte interesada acredite de manera adecuada la justa causa aludida.[16] **En ausencia de una de estas dos condiciones este Tribunal carece de discreción para eximir a una parte de su cumplimiento, para prorrogar el referido término y, por ende, para acoger el recurso presentado ante nuestra consideración.[17]**

---

[14] *Soto Pino v. Uno Radio Group*, supra; *García Ramis v. Serrallés,* 171 DPR 250, 253 (2007); *Bco. Popular de PR v. Mun. de Aguadilla*, 144 DPR 651, 657 (1998).
[15] *Soto Pino v. Uno Radio Group*, supra, pág. 93 (cita omitida).
[16] *Id.; Lugo v. Suárez,* 165 DPR 729, 738 (2005)(Énfasis suplido).
[17] *Soto Pino v. Uno Radio Group*, supra, pág. 93; *Arriaga v. FSE,* 145 DPR 122, 132 (1998).

En vista de lo anterior, para que se configure la justa causa necesaria para subsanar el incumplimiento, ésta no puede consistir en "excusas genéricas, carentes de detalles", o de vaguedades, o de planteamientos estereotipados.[18] Las explicaciones deben especificar las "circunstancias particulares" que impidieron a la parte cumplir con el término.[19] No solamente eso, sino que la parte debe evidenciar esas "circunstancias particulares".[20]

Por último, es importante destacar que los términos de cumplimiento estricto no son "meros formalismos", su incumplimiento sirve de obstáculo para el perfeccionamiento de los recursos presentados ante este tribunal, y en ausencia de justa causa, resulta un obstáculo que no podemos solucionar.[21]

**-III-**

Los apelantes comparecieron y aceptaron el incumplimiento del requisito de la Regla 14(B) de nuestro Reglamento, *supra*. Es decir, no notificaron al TPI copia de la carátula del recurso, debidamente ponchada en el término de 72 horas contadas desde de su presentación. Sin embargo, alegaron que ello obedeció a un error administrativo-clerical, a saber:

> 6)    Ese mismo día 24 de febrero, <u>todas las partes y el Tribunal de Primera Instancia recibieron una notificación por correo electrónico del Tribunal de Apelaciones informando</u>: "Para su conocimiento, le informó que en el caso de referencia, el día 23 de febrero de 2023, se presentó un recurso de apelación en el tribunal de apelaciones bajo el numero[sic] klan202300155". (Subrayado en el original)
>
> 7)    Al ver dicha notificación por email ese mismo día, sin embargo, la secretaria de la representación legal que suscribe erróneamente

---

[18] *Soto Pino v. Uno Radio Group*, *supra*; *Lugo v. Suárez, supra*, pág. 738-739.
[19] *Soto Pino v. Uno Radio Group*, *supra*.
[20] *Id*.
[21] *Id.*, pág. 15.

informó a los abogados de la parte apelante que el recurso ya había sido notificado al Tribunal de Primera Instancia y a las partes conforme al Reglamento del foro apelativo, por lo que suscitó un lamentable error clerical de desinformación que desembocó esta controversia.

A su entender, ello no ha causado perjuicio alguno, ya que tanto el TPI como las partes habían sido notificados del recurso. Además, posteriormente se envió la cubierta del escrito de apelación al foro apelado. En consideración a los anterior, lol apelantes solicitaron que ejerzamos nuestra discreción y adjudiquemos el recurso en sus méritos.

La explicación provista no constituye justa causa para la inobservancia del requisito de la Regla 14(B) del Reglamento del Tribunal de Apelaciones, *supra*. Las circunstancias que impidieron el cumplimiento de dicho requisito esbozadas por los apelantes no constituyen una base razonable para la tardanza. Son alegaciones generales, acomodaticias, imprecisas, carentes de evidencia que le sirva de apoyo. En cierta medida representan una excusa en la que se pretende compartir la responsabilidad del abogado con su personal de apoyo. En fin, la justificación provista por los apelantes no constituye la explicación concreta y detallada que permita a este foro adquirir jurisdicción sobre el recurso ante nuestra consideración.

**-IV-**

Por los fundamentos antes expuestos, se desestima el recurso por falta de jurisdicción por incumplir con los requisitos de la Regla 14(B) del Reglamento del tribunal de Apelaciones, *supra*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

                              Lcda. Lilia M. Oquendo Solís
                         Secretaria del Tribunal de Apelaciones