La Jueza Asociada Señora Pabón Charneco
emitió la opinión del Tribunal.
Comparecen ante nos el Departamento de la Vivienda et ais. y nos solicitan la revisión de una Sentencia del Tribunal de Apelaciones. En esta, el foro apelativo intermedio revocó una Resolución de la entonces Comisión Apelativa del Sistema de Administración de Recursos Humanos (en adelante C.A.S.A.R.H.),(1) en la cual se desestimó la apela- *396 ción presentada por Rosa Belén Cruz Parrilla que impugnó la cesantía de su empleo. Ello a tenor con las disposiciones de la Ley Especial Declarando Estado de Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico, Ley 7-2009 (3 L.P.R.A. see. 8791 et seq.).
En este recurso debemos resolver si el término de treinta (30) días provisto por la Ley 7, supra, para impug-nar la Certificación de Fecha de Antigüedad en el Servicio Público (en adelante Certificación de Antigüedad) de un empleado admite interrupción por justa causa. Por consi-derar que el término provisto es de naturaleza jurisdiccio-nal, a priori, contestamos en la negativa.
I
La Sra. Rosa Belén Cruz Parrilla (en adelante la recu-rrida) comenzó a trabajar en el Departamento de la Vi-vienda el 16 de noviembre de 1995. El 17 de abril de 2009, la recurrida recibió una Certificación de Fecha de Antigüe-dad en la agencia, en la cual se le informó que su periodo de antigüedad era de trece (13) años, cuatro (4) meses y quince (15) días. La certificación le apercibía a la recurrida que esa antigüedad representaba la suma de todos los años trabajados en el servicio público y que, de no estar de acuerdo con la antigüedad certificada, debía impugnarla en el término de treinta (30) días provisto por la Ley 7, supra. La recurrida no impugnó dentro de ese término la Certificación de Antigüedad que se le cursó. (2)
*397 A posteriori, el 25 de septiembre de 2009, la recurrida recibió una notificación del entonces Secretario del Depar-tamento de la Vivienda, Yesef Y. Cordero, en la cual se le notificaba que, conforme a las disposiciones de la Ley 7, supra, sería cesanteada de su puesto de Supervisora Local en la oficina regional de Carolina. Esta cesantía sería efec-tiva el 6 de noviembre de 2009.
El 26 de octubre del mismo año, la recurrida presentó una apelación por derecho propio ante la C.A.S.A.R.H., en la cual cuestionó la antigüedad que previamente le había sido certificada. Para ello, la recurrida presentó una Certi-ficación de Empleo que acreditaba que había trabajado va-rios meses durante 1985 y 1986 en el Programa de Empleo de Verano de la Administración de Derecho al Trabajo. Es-tos meses no fueron tomados en consideración en el cóm-puto de antigüedad que se le certificó a la recurrida.
Oportunamente, el Departamento de la Vivienda con-testó la apelación presentada y alegó que no procedía, ya que la recurrida no impugnó su Certificación de Antigüe-dad dentro del término de treinta (30) días que disponía para ello la Ley 7, supra.
Así las cosas, el 29 de marzo de 2010 la C.A.S.A.R.H. emitió una Resolución en la cual denegó la apelación in-coada por la recurrida. La C.A.S.A.R.H. fundamentó su de-terminación en que de las alegaciones de la recurrida sur-gía que no se había impugnado la Certificación de Antigüedad dentro del término establecido por ley. Por ende, no había prueba suficiente que demostrara que la recurrida cumplía con el tiempo suficiente de empleo en el servicio público para quedar exenta del plan de cesantías provisto en la Ley 7, supra.
Inconforme, la recurrida presentó un recurso de revi-sión ante el Tribunal de Apelaciones el 14 de junio de 2010. El foro apelativo intermedio revocó la Resolución de la C.A.S.A.R.H. mediante una Sentencia emitida el 22 de sep-tiembre de 2010 y ordenó devolver el caso a esta Comisión *398 para que determinara si la prueba documental presentada por la recurrida podría refutar el periodo de antigüedad que le fue previamente certificado.
El tribunal a quo fundamentó su determinación en que la C.A.S.A.R.H, al emitir su Resolución, no dispuso nada en cuanto a la prueba documental que presentó la allí pe-ticionaria para impugnar el cómputo de su antigüedad. Ergo, entendió el foro apelativo intermedio que la C.A.S.A.R.H. actuó de manera arbitraria e irrazonable al emitir una Resolución sin considerar la prueba que se le presentó debidamente.
En cuanto al término de treinta (30) días para impug-nar el cómputo de antigüedad que provee la Ley 7, supra, el Tribunal de Apelaciones concluyó que existía justa causa para que la recurrida no cumpliera con este término. En-tendió el foro apelativo intermedio que la Certificación de Antigüedad enviada a la recurrida no le informaba correc-tamente cuál era la fecha de corte para la determinación de antigüedad. Además, las agencias para las cuales tra-bajó la recurrida, y cuyo tiempo no se le adjudicó en el cómputo de antigüedad, le remitieron la evidencia de em-pleo meses después de entregada la Certificación de Antigüedad. Insatisfecho, el Departamento de la Vivienda solicitó la reconsideración de ese dictamen el 16 de octubre de 2010. A posteriori, el 16 de diciembre de 2010, el Tribunal de Apelaciones denegó el petitorio.
Inconforme, el 21 de enero de 2011 el Departamento de la Vivienda presentó un recurso de certiorari ante este Tribunal y planteó el señalamiento de error siguiente:
Erró el Honorable Tribunal de Apelaciones al determinar que no procede el archivo de la apelación presentada y ordenar su devolución ante la CASARH, toda vez que la antigüedad adju-dicada a la recurrida advino concluyente a tenor con la dispo-sición expresa de ley. Petición de certiorari, pág. 8.
El 27 de mayo de 2011, mediante Resolución, ordena-mos a la recurrida que mostrara causa por la cual no debía *399 expedirse el auto de certiorari solicitado y revocarse la Sentencia del Tribunal de Apelaciones. La recurrida com-pareció el 21 de julio de 2011, por lo cual estamos en posi-ción de resolver sin ulterior trámite.
II
A. El 9 de marzo de 2009 se aprobó la Ley 7, supra. Este estatuto fue aprobado para, inter alia, atender la severa crisis fiscal por la cual atraviesa el Gobierno de Puerto Rico y para proteger el crédito de la isla. Domínguez Castro et al. v. E.L.A. I, 178 D.P.R. 1, 21 (2010), cert. denegado, Castro v. Puerto Rico, 131 S.Ct. 152 (2010).
Como parte de las medidas de emergencia contempladas por el estatuto se estableció un Plan de Emergencia de Medidas de Reducción de Gastos. 3 L.P.R.A. secs. 8793-8802. Este Plan consistía en la implementación de tres (3) fases dirigidas a garantizar la reducción del déficit estructural del Gobierno de Puerto Rico. La Fase I consistía en un Programa Voluntario de Reducción Permanente de Jornada y un Programa de Renuncias Voluntarias Incentivadas. 3 L.P.R.A. see. 8794. A tenor con la Ley 7, supra, si la implantación de la Fase I no cumplía con los objetivos de ahorro del estatuto, la Oficina de Gerencia y Presupuesto (en adelante O.G.P.) cursaría un informe a la Junta de Restructuración y Estabilización Fiscal (en adelante J.R.E.F.) en el cual recomendaría poner en vigor la Fase II. 3 L.P.R.A. sec. 8794(4)(B). La J.R.E.F. fue creada también por la Ley 7, supra, y se le delegó una amplia gama de poderes, incluyendo, inter alia, el deber de asesorar al Gobernador y a las agencias estatales en cuanto a los empleados que serían cesanteados, la determinación de cuántos empleados finalmente lo serían y el poder para encomendar a las agencias a realizar estudios necesarios para poner en vigor la Fase II del Plan de Emergencia de *400 Medidas de Reducción de Gastos. 3 L.P.R.A. sec. 8799(b)(6).
Esta segunda fase consistía de un plan de cesantías de empleados del sector público. En específico, el Plan contemplaba el cese de empleo de todo empleado que a la fecha de la vigencia de la Ley 7, supra, tuviera un nombramiento transitorio o irregular. 3 L.P.R.A. sec. 8799(b)(2). Por su parte, en cuanto a los empleados con nombramiento de carrera, se estableció que:
(3) Las cesantías de los empleados con nombramiento per-manente o de carrera se efectuarán observando exclusiva-mente el criterio de antigüedad, de modo que sean cesan-teados en primer término aquellos que tengan menor antigüedad.
(4) A los fines de determinar la antigüedad de empleados afectados se considerarán todos los servicios prestados por los empleados afectados en el servicio público, independiente-mente de las disposiciones de los convenios colectivos, regla-mentos, cartas circulares y otros documentos normativos. 3 L.P.R.A. sec. 8799(b)(3) y (4).
Para poner en vigor las cesantías tomando en conside-ración solamente el criterio de antigüedad, la Ley 7, supra, provee que las agencias debían notificar a J.R.E.F. la anti-güedad de cada uno de sus empleados. A posteriori, las agencias también tendrían que notificar por escrito e indi-vidualmente a sus empleados su fecha de antigüedad se-gún se surgiera de los expedientes. 3 L.P.R.A. sec. 8799(b)(8).
En cuanto al procedimiento para impugnar esta Certificación de Antigüedad, la Ley 7, supra, establece:
(9) El empleado, y de ser el caso, éste a través de su organi-zación sindical, tendrá un término no mayor de treinta (30) días calendario, a partir de la fecha de la notificación, para presentar por escrito a la agencia, evidencia documental ofi-cial emitida por la autoridad o entidad gubernamental compe-tente (evidencia documental fehaciente) que refute la antigüe-dad que le ha sido'certificada. Para ello utilizará el formulario *401 que para esos fines será provisto por su respectiva agencia, el cual completará y someterá a su propia agencia, con copia de la evidencia documental fehaciente que refute la fecha de an-tigüedad notificada por la agencia.
(10) En la eventualidad de que el empleado afectado no refute o no presente, dentro del término aquí dispuesto, evidencia documental fehaciente que sostenga su posición, la antigüe-dad a ser utilizada será aquella que le fue notificada por la agencia. Dicha antigüedad será concluyente para todo propó-sito relacionado a este capítulo. (Enfasis suplido.) 3 L.P.R.A. sec. 8799(b)(9) y (10).
B. Este Tribunal ha tenido la oportunidad de interpre-tar la Ley 7, supra, en varias ocasiones. En Domínguez Castro et al. v. E.L.A I, supra, examinamos este estatuto para determinar si padecía de defectos constitucionales. Realizado un análisis ponderado del texto del estatuto, de-terminamos que se trataba de una regulación de carácter socioeconómico, la cual está sujeta a un escrutinio racional para determinar su constitucionalidad. Concluimos que la Ley 7, supra, adelantaba un fin legítimo y que existía una relación real y sustancial entre esta y el interés perse-guido, por lo cual no adolecía de defectos constitucionales en cuanto al derecho a un debido proceso de ley en su ver-tiente sustantiva. íd., págs. 58-60.
Por su parte, en cuanto al debido proceso de ley en su vertiente procesal, concluimos que la Ley 7, supra, no que-brantaba ese derecho, ya que establecía un procedimiento que sobrepasaba el mínimo requerido por la Constitución. Domínguez Castro et al. v. E.L.A. I, supra, pág. 65. Susten-tamos nuestra conclusión en que los empleados estarían protegidos, ya que “la Ley Núm. 7 dispone para que un organismo competente e imparcial atienda sus reclamos y aquilate la evidencia que éstos puedan presentar, en caso de que decidan recurrir finalmente de la decisión de la agencia”. Id.
Otros aspectos constitucionales de la Ley 7, supra, fue-ron atendidos en Bomberos Unidos v. Cuerpo Bomberos et al., 180 D.P.R. 723 (2011). En este caso resolvimos que el *402 estatuto contenía un título lo suficientemente descriptivo sobre el asunto que regula, por lo cual no infringía la See. 17 del Art. Ill de la Constitución de Puerto Rico. Id., pág. 766. Por último, recientemente resolvimos en Sánchez et al. v. Depto. Vivienda et al., 184 D.P.R. 95 (2011), que la Ley 7, supra, delegó a la J.R.E.F. la facultad de establecer una fecha de corte para el cómputo de la antigüedad de los empleados públicos y que esa delegación cumplía con los parámetros jurisprudenciales del principio de separación de poderes y del derecho administrativo.
El caso de autos nos da la oportunidad de interpretar nuevamente el texto de la Ley 7, supra. Como menciona-mos, en esta ocasión nos toca resolver si el término que provee el estatuto en 3 L.P.R.A. sec. 8799(b)(9), para im-pugnar la Certificación de Antigüedad, es improrrogable o, a contrario sensu, si admite interrupción por justa causa como determinó el Tribunal de Apelaciones.
III
A. En reiteradas ocasiones hemos resuelto que las Reglas de Procedimiento Civil no aplican automáticamente a los procedimientos administrativos. Otero v. Toyota, 163 D.P.R. 716 (2005). A tales efectos, hemos establecido que “tal cuerpo normativo procesal podrá utilizarse para guiar el curso de [los] procesos administrativos mientras no obstaculicen la flexibilidad, agilidad y sencillez de éstos”. íd., pág. 735. Por ende, estas reglas podrán utilizarse como guía si propician una solución justa, rápida y económica de la controversia a resolverse. Id.
Uno de los principios más importante del esquema nor-mativo del Procedimiento Civil es el que rige todo lo con-cerniente a los términos que tienen las partes para actuar en determinado proceso. Nuestro ordenamiento reconoce varias clases de términos cuyo incumplimiento conlleva consecuencias diferentes. R. Hernández Colón, Práctica ju- *403 rídica de Puerto Rico: derecho procesal civil, 5ta ed., San Juan, Ed. Lexis-Nexis, 2010, pág. 197.
Consecuentemente, y como regla general, “[t]odos los términos que las reglas no declaran expresamente improrrogables pueden prorrogarse por el tribunal”. Hernández Colón, op. cit., pág. 199. Para ello, generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido. íd.
Por otro lado, existen unos términos de naturaleza improrrogable que no están sujetos a interrupción o cumplimiento tardío. “Se denominan estos términos como jurisdiccionales o fatales porque transcurren inexorablemente, no importa las consecuencias procesales que su ex-piración provoque.” Hernández Colón, op. cit, pág. 201. Ello significa que una vez transcurre un término de naturaleza jurisdiccional, el tribunal o la agencia estatal pierde jurisdicción para atender el asunto ante su consideración.
Por otra parte, en reiteradas ocasiones hemos ex-presado que la jurisdicción es el poder o la autoridad que posee un tribunal para decidir casos o controversias. González v. Mayagüez Resort & Casino, 176 D.P.R. 848, 854 (2009); ASG v. Mun. San Juan, 168 D.P.R. 337, 343 (2006). Por ende, “[e]n toda situación jurídica el primer aspecto que tenemos que considerar es el de naturaleza jurisdiccional. Ello es así pues las cuestiones relativas a la jurisdicción son de naturaleza privilegiada y deben ser resueltas con preferencia a cualquier otro asunto”. J.A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, Colombia, [s. Ed.], 2010, pág. 18. Ante la importancia eminente de este principio, los entes adjudicativos deben ser celosos guardianes de su jurisdicción, y no poseen discreción para asumirla en donde no la hay. García Ramis v. Serrallés, 171 D.P.R. 250, 254 (2007).
Debido a las graves consecuencias que acarrea el *404 determinar que un término es de naturaleza jurisdiccional, hemos expresado que debe surgir claramente la intención del legislador de imponerle esa característica al término. Véanse: J. Directores v. Ramos, 157 D.P.R. 818, 823-824 (2002); Lagares v. E.L.A., 144 D.P.R. 601, 615-616 (1997); Méndez v. Corp. Quintas San Luis, 127 D.P.R. 635, 637 (1991).
De suerte que, para determinar si un término es de naturaleza jurisdiccional, los tribunales deben realizar un ejercicio de interpretación estatutaria para encontrar la expresión clara del legislador en cuanto la naturaleza del término. En este ejercicio de interpretación debe acudirse primero al texto de la ley. Solo si se encuentra ambigüedad en el texto, deben entonces los tribunales asegurarse de cumplir con los propósitos legislativos. Soc. Asist. Leg. v. Ciencias Forenses, 179 D.P.R. 849, 862 (2010). No obstante, en nuestro ordenamiento, si el lenguaje de la ley es claro y libre de toda ambigüedad, “la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu”. Art. 14 del Código Civil, 31 L.P.R.A. sec. 14. Es por ello que “si el lenguaje de la ley no crea dudas y es claro en cuanto a su propósito, su propio texto es la mejor expresión de la intención legislativa”. Soc. Asist. Leg. v. Ciencias Forenses, supra, pág. 862.
B. Bajo el crisol doctrinario anteriormente expuesto, pasemos a determinar si el término de treinta (30) días provisto por la Ley 7, supra, para impugnar la Certifica-ción de Antigüedad es de carácter jurisdiccional.
Como ya vimos, el Art. 37.04 de la Ley 7 (3 L.P.R.A. see. 8799(b)(9)) establece que, de no estar conformes con la an-tigüedad que se le certifique, el empleado
... tendrá un término no mayor de treinta (30) días calenda-rio, a partir de la fecha de la notificación, para presentar por escrito a la agencia, evidencia documental oficial emitida por la autoridad o entidad gubernamental competente (evidencia documental fehaciente) que refute la antigüedad que le ha *405 sido certificada. (Énfasis suplido.)
Subsiguientemente, el estatuto establece que si el em-pleado no presenta una evidencia documental fehaciente para impugnar su antigüedad certificada dentro del tér-mino establecido, esta “será concluyente para todo propó-sito relacionado con este capítulo”. (Énfasis suplido.) 3 L.P.R.A. sec. 8799(b)(10).
La utilización del adjetivo concluyente en el texto de la Ley 7, supra, es una expresión clara y evidente del legisla-dor para establecer que el término de treinta (30) días es de naturaleza jurisdiccional. El diccionario de la Real Academia Española define este adjetivo como “(1) que con-cluye; (2) resolutorio, irrebatible”. Portal cibernético de la Real Academia Española, http://www.rae.es (última visita 20 de enero de 2012). Por su parte, el diccionario del uso del español de María Moliner define el término concluyente como “[c]ategórico o decisivo; se aplica a la razón o argu-mento que no admite duda ...”. (Énfasis suplido.) M. Moli-ner, Diccionario de Uso del Español, 3ra ed., Madrid, Ed. Gredos, 2007, Vol. I, pág. 744. Nos resulta evidente que el propio texto de la Ley 7, supra, estableció que el término de treinta (30) días para impugnar la antigüedad es de carác-ter jurisdiccional. Siendo ello así, es forzoso concluir que no existe excepción alguna, ya sea por justa causa o por cual-quier otra razón, para impugnar la Certificación de Anti-güedad cursada a los empleados fuera del término establecido.
IV
A base del análisis que antecede, procedemos a aplicarlo a la controversia de autos.
Surge del expediente que la recurrida recibió una Cer-tificación de Antigüedad del Departamento de la Vivienda el 17 de abril de 2009 —fechada 14 de abril de 2009— en la cual se le certificaba que su antigüedad total en el servicio *406 público era de trece (13) años, catorce (14) meses y quince (15) días. La recurrida no impugnó esa antigüedad dentro de los treinta (30) días siguientes.
Posteriormente, se le notificó a la recurrida el 25 de sep-tiembre de 2009 que sería cesanteada de su puesto, efec-tivo el 6 de noviembre de 2009. A raíz de esta cesantía, el 26 de octubre de 2009 es que la recurrida impugna por primera vez ante la C.A.S.A.R.H. la Certificación de Anti-güedad que se le notificó en abril del mismo año. Es decir, más de seis (6) meses después de que se le certificara su antigüedad, la recurrida actuó sobre esta por primera vez.
La C.A.S.A.R.H. denegó la apelación de la recurrida al determinar que esta no presentó la impugnación de la an-tigüedad conforme dispone la Ley 7, supra, razón por la cual no procede la revisión y aceptación de documentos posterior al tiempo allí concedido. Véase Apéndice de la Moción en cumplimiento de orden dictada mediante reso-lución y en oposición a expedición de certiorari, pág. 213. Al así proceder, la C.A.S.A.R.H. actuó de manera correcta en derecho, ya que había perdido jurisdicción sobre cual-quier documento presentado por la recurrida fuera del tér-mino jurisdiccional de treinta (30) días. Al no tener juris-dicción sobre los documentos, la C.A.S.A.R.H. no podía considerarlos al momento de hacer su determinación sobre la impugnación presentada por la recurrida.
Por su parte, y de manera errada, el Tribunal de Apela-ciones revocó esta determinación de la C.A.S.A.R.H. por entender que existía justa causa por la cual la recurrida impugnó su antigüedad fuera de término. El foro apelativo intermedio fundamentó su proceder en que las agencias para las cuales la recurrida había trabajado previamente le remitieron la prueba documental fehaciente sobre su tiempo en el servicio público meses después de que se le notificara su antigüedad. Como ya resolvimos, el término de treinta (30) días que tenía la recurrida para impugnar su antigüedad era de carácter jurisdiccional, el cual no ad-mite interrupción alguna por justa causa.
*407 Así las cosas, erró el Tribunal de Apelaciones al revocar la determinación de la C.A.S.A.R.H. que había denegado la apelación de la cesantía de la recurrida. Esta última im-pugnó por primera vez su antigüedad más de seis (6) me-ses después que le fuera certificada, por lo cual actuó fuera del término improrrogable de treinta (30) días que tenía para hacerlo y quedó así impedida la C.A.S.A.R.H. de con-siderar los documentos presentados por la recurrida.
V
Por los fundamentos antes expuestos, se expide el auto de “certiorari” y se revoca el dictamen del Tribunal de Apelaciones. Se dictará Sentencia de conformidad.
El Juez Presidente Señor Hernández Denton, la Jueza Asociada Señora Fiol Matta y la Juez Asociada Señora Ro-dríguez Rodríguez disintieron sin opinión escrita. El Juez Asociado Señor Estrella Martínez no interviene.

 Con la aprobación del Plan de Reorganización de la Comisión Apelativa del Servicio Público, Ley 2-2010 (3 L.P.R.A. Ap. XIII), la Comisión de Relaciones del Trabajo y la Comisión Apelativa del Sistema de Administración de Recursos Huma- *396 nos (en adelante C.A.S.A.R.H.) fueron fusionadas en la Comisión Apelativa de Ser-vicio Público (C.A.S.P.).

 La Petición de Certiorari no incluyó en su apéndice una copia de esta certificación. Sin embargo, sí se incluyó en la Moción en Cumplimiento de Orden Dictada Mediante Resolución y en Oposición a Expedición de Recurso de Certiorari, presentada por la recurrida. No existe controversia entre las partes sobre la existen-cia y corrección de la aludida certificación.