ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| NILDA RODRÍGUEZ VÁZQUEZ<br><br>Parte Recurrida<br><br><br>Vs.<br><br><br>HOSPITAL ESPAÑOL AUXILIO MUTUO<br><br>Parte Peticionaria | KLCE202301095 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.<br><br>SJ2023CV05035 (Sala 906)<br><br>Sobre:<br><br>Despido Injustificado (Ley Núm. 80); Ley de Represalia en el Empleo (Ley Núm. 115-1991) |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez.

Rivera Pérez, Jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de noviembre de 2023.

Comparece la parte demandada-peticionaria, Hospital Español Auxilio Mutuo (en adelante, Auxilio Mutuo), mediante un recurso de *certiorari* y nos solicita la revisión de la *Resolución* emitida el 8 de septiembre de 2023 y notificada el 11 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI). Mediante este dictamen, el TPI declaró No Ha Lugar la *Moción de Desestimación* presentada el 22 de junio de 2023 por el Auxilio Mutuo.

Por los fundamentos que expondremos, se deniega la expedición del recurso de *Petición de Certiorari*.

**I**

Según surge del expediente, el 25 de mayo de 2023, la parte demandante-recurrida la Sra. Nilda Rodríguez Vázquez (en adelante, Sra. Rodríguez Vázquez) presentó una *Demanda* sobre despido

Número Identificador

SEN2023 _____

injustificado y represalias en contra del Auxilio Mutuo al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como *"Ley Sobre Despidos Injustificados"*, 29 LPRA sec. 185a *et seq.*, y la Ley Núm. 115-1991, según enmendada, conocida como *"Ley de Represalias"*, 29 LPRA sec. 194 *et seq.*[1] En la demanda, la Sra. Rodríguez Vázquez alegó que trabajó para el Auxilio Mutuo como enfermera anestesista desde el 10 de enero de 2005 hasta el 19 de agosto de 2022, cuando fue despedida injustificadamente y en represalia por haber promovido que la Unidad Laboral de Enfermeras(os) y Empleados de la Salud (ULEES) presentara una querella ante el Departamento de Salud en contra del Auxilio Mutuo por alegadas violaciones al Reglamento para la Construcción, Operación, Mantenimiento y Licenciamiento de los Hospitales en Puerto Rico, Reglamento Núm. 9184, Departamento de Salud, 1 de julio de 2020; [2] y por haber comparecido como testigo de la ULEES durante una reunión que se celebró el 20 de julio de 2022 como parte del proceso adjudicativo de la querella.

En cuanto al despido, la Sra. Rodríguez Vázquez alegó, además, lo siguiente:

> [...]
> "13. En la reunión el representante legal de la querellante produjo documentos que formaban parte de su expediente profesional, los cuales el representante legal de la querellada, o sea el Hospital, reprodujo.

---

[1] Apéndice de la *Petición de Certiorari*, págs. 1-34.

[2] En cuanto a esta querella, la Sra. Rodríguez Vázquez alegó, entre otras cosas, lo siguiente:
> [...]
> "8. La demandante Nilda Rodríguez Vázquez en conjunto a otros empleados promovieron que el sindicato que los representa ULEES, instara y presentara ante el Departamento de Salud de Puerto Rico una Querella en contra del Hospital, ya que su patrono tiene contratados estudiantes de anestesia qui[e]nes llevan a cabo funciones que solo pueden ejecutar enfermeros(as) anestesistas licenciados(as) (RNA) como lo es la demandante.
> 9. La alegación principal de la Querella ante el Departamento de Salud es que los estudiantes de anestesia ejercen las funciones de atender pacientes solos, sin la supervisión directa de un anestesista y/o de sus superiores, lo que constituye una violación al Reglamento 9184 del Departamento de Salud.
> 10. La Querella ante el Departamento de Salud lleva el número Q-22-03-004 siendo presentada el 21 de marzo de 2022, por el representante sindical de la demandante. [...]." Apéndice de la *Petición de Certiorari*, pág. 2.

Luego de la reproducción de los documentos el representante legal de la querellante se los mostró a los testigos, la aquí demandante Nilda Rodríguez Vázquez y Alexander Santana Marrero, qui[e]nes por su "expertise" explicaron el contenido de estos.

14. Luego de terminada la reunión, el representante legal del Hospital le planteó al representante legal de la querellante que entre los documentos producidos había algunos que eran hojas clínicas de pacientes, que supuestamente son confidenciales y no había razón alguna para que el abogado de la querellante los tuviese en su poder.

15. Con posterioridad a la reunión entre las partes para discutir la querella, los testigos Rodríguez Vázquez y Santana Marrero fueron citados al Departamento de Recursos Humanos del Hospital donde estuvieron presentes funcionarios del Hospital, [...]. El hospital le informó a Santana Marrero y a Rodríguez Vázquez que había iniciado una investigación para determinar cómo los documentos confidenciales habían llegado a manos del representante legal de la querellante. En dicha ocasión el Hospital le imputó a la demandante Rodríguez Vázquez y al otro testigo ante el Departamento de Salud[,] Santana Marrero, haber tenido en su poder y haber circulado hojas clínicas de pacientes, lo que alegadamente constituye una violación al Health Insurance Portability and Accountability Act of 1996 (Ley HIPAA). El representante legal de la querellante le indicó y les informó a los funcionarios del Hospital, así como a su representante legal [...], que las hojas clínicas de los pacientes que él produjo en la reunión de 20 de junio de 2022, no le habían sido entregadas por los testigos Nilda Rodríguez Vázquez aquí demandante ni por otro testigo Alexander Santana Marrero, ya que él las tenía en su poder con antelación a la reunión.

16. El día 19 de agosto de 2022, el Hospital despidió de su empleo como represalia a la demandante Rodríguez Vázquez, por su participación activa en la reunión de 20 de junio de 2022 que había sido ordenada por el Oficial Examinador del Departamento de Salud, cuyo propósito era el tratar de resolver la controversia entre las partes y la necesidad de una vista administrativa. [...].

17. Durante todo el proceso investigativo que inició el Hospital en contra de la demandante Nilda Rodríguez Vázquez y Alexander Santana Marrero por la participación de éstos en la reunión de 20 de junio de 2022, el representante legal de la querellante ante el Departamento de Salud le cursó dos (2) comunicaciones a funcionarios del Hospital indicándole[s] que los documentos que él produjo en dicha reunión no le habían sido entregados por los testigos, y que Rodríguez Vázquez y Santana Marrero nunca habían tenido control de los documentos.

18. El despido de la demandante Rodríguez Vázquez es uno injustificado y su único propósito es tomar

venganza y represalias en contra de ésta por promover una Querella ante el Departamento de Salud contra el Hospital, por éste violar las disposiciones del Reglamento 9184 de dicha entidad gubernamental y por comparecer a una reunión donde le fueron mostrados hojas clínicas de pacientes y por ella dar una explicación debido a su "expertise" del contenido de dichas hojas clínicas."[3]

Finalmente, la Sra. Rodríguez Vázquez solicitó, entre otras cosas, su restitución en el empleo, así como los demás remedios que proveen la Ley Núm. 80 de 30 de mayo de 1976, *supra*, y la Ley Núm. 115-1991, *supra*.

El 22 de junio 2023, el Auxilio Mutuo compareció ante el TPI mediante la presentación de una *Moción de Desestimación*, en la que solicitó la desestimación de la demanda bajo la Regla 10.2(1) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(1), por falta de jurisdicción sobre la materia.[4] El Auxilio Mutuo alegó que el TPI no tenía jurisdicción para entender en la reclamación presentada por la Sra. Rodríguez Vázquez por tratarse de un asunto sobre el cual la ley federal National Labor Relations Act (NLRA), 29 USC sec. 151 *et seq.*, le confería jurisdicción exclusiva a la Junta Nacional de Relaciones del Trabajo (en adelante, Junta). Según su interpretación, de las alegaciones presentadas en la demanda surgía que la reclamación de la Sra. Rodríguez Vázquez estaba basada en que había sido despedida en represalia por su participación en las actividades sindicales de la ULEES, lo que estaba prohibido por considerarse una 'práctica ilícita de trabajo' para un patrono bajo la Sección 158 del NLRA, *supra*, por intervenir en el ejercicio de los derechos que tienen los empleados en virtud de la Sección 157 de esta ley a organizarse, a constituir, afiliarse o ayudar a organizaciones obreras, a negociar colectivamente a través de representantes seleccionados por ellos mismos, y a dedicarse a otras

---

[3] Apéndice de la *Petición de Certiorari*, págs. 2-4.
[4] Apéndice de la *Petición de Certiorari*, págs. 35-48.

actividades concertadas con el propósito de negociar colectivamente u otro fin de ayuda o protección mutua.[5]

Finalmente, el Auxilio Mutuo argumentó que, conforme a la Sección 160 del NLRA, *supra*, y su jurisprudencia interpretativa, la Junta tenía jurisdicción exclusiva para entender en reclamaciones que estuvieran, o que se pudiera argumentar que estuvieran, fundamentadas en las Secciones 157 y 158 del NLRA, *supra*, por lo que el foro judicial estaba impedido de intervenir en estos casos.

El 1 de agosto de 2023, la Sra. Rodríguez Vázquez presentó una *Oposición a Moción de Desestimación Bajo la Regla 10.2 de Procedimiento Civil por Falta de Jurisdicción sobre la Materia.*[6] En su moción, la Sra. Rodríguez Vázquez negó haber alegado en la demanda que fue despedida en violación a los derechos protegidos por la Sección 157 del LMRA, *supra*, por prácticas ilícitas de trabajo prohibidas por la Sección 158 de esta misma ley. En cambio, alegó que su reclamación estaba fundamentada en violaciones a la legislación laboral local, por lo que no podía ser dilucidada ante la Junta. En síntesis, sostuvo que la causa para su despido fue un subterfugio para despedirla por haber testificado en contra del Auxilio Mutuo en el proceso adjudicativo de la querella presentada

---

[5] Al respectó, el Auxilio Mutuo alegó, específicamente, lo siguiente:
"Es la posición del Hospital que la Demanda del epígrafe está basada en hechos que son de jurisdicción exclusiva de del NLRB. Surge claramente de la Demanda que las alegaciones de despido injustificado y represalias de la demandante se basan en que ésta y otro empleado, Sr. Alexander Santana promovieron que la Unión (ULEES) presentara una Querella en contra del Hospital por entender que el Hospital estaba incurriendo en conducta que afectaba los intereses de empleados unionados, incluyéndolos a ellos. De la Demanda se desprende meridianamente claro que la demandante alega que su despido fue en represalias por participar de una actividad concertada. Esto es, haber promovido que la ULEES presentara una Querella en contra del Hospital y haber participado como testigo en una reunión celebrada entre la ULBBS y el Hospital sobre hechos relacionados a la referida Querella. La demandante alega precisamente que su despido fue un pretexto para desalentar que los empleados del Hospital presenten Querellas en contra del patrono. Evidentemente, esta reclamación es de jurisdicción exclusiva del NIRB." Véase, Apéndice de la *Petición de Certiorari*, pág. 39.
[6] Apéndice de la *Petición de Certiorari*, págs. 49-62.

ante el Departamento de Salud por violaciones al Reglamento Núm. 9184, *supra*, de dicha agencia.

El 8 de agosto de 2023, el Auxilio Mutuo presentó una *Réplica a Oposición a Moción de Desestimación.*[7] En síntesis, reiteró los argumentos expuestos en su moción de desestimación con relación a que la reclamación de la Sra. Rodríguez Vázquez era un asunto de la jurisdicción exclusiva de la Junta porque en esta se alegaba que el Auxilio Mutuo había incurrido en conducta que pudiera argumentarse que estaba sancionada por la NLRA, *supra*, por constituir una práctica ilícita de trabajo para un patrono. Para sostener sus alegaciones, el Auxilio Mutuo trajo a consideración que, previo a la presentación de esta demanda, la Sra. Rodríguez Vázquez, mediante la ULEES, había presentado un cargo ante la Junta en su contra por los mismos hechos alegando que a su compañero y a ella los habían discriminado despidiéndolos en represalia por su participación en actividades sindicales protegidas.[8]

El 23 de agosto de 2023, la Sra. Rodríguez Vázquez presentó una *Dúplica a Réplica a Oposición a Moción de Desestimación.*[9] En síntesis, la Sra. Rodríguez Vázquez argumentó que su reclamación ante el TPI pudiera subsistir de forma independiente a la que se presentó ante la Junta; y que, además, requiere de conductas distintas a las de una reclamación que estuviera basada en las Secciones 157 y 158 del NLRA, *supra.* Sostuvo que "su despido fue en represalia por servir como testigo en un proceso administrativo ante una Agencia del Estado que regula las prácticas de la salud en Puerto Rico"; que, "si bien [...] es unionada, sus gestiones en su carácter personal fueron para denunciar una violación por el Hospital de leyes y reglamentos de salubridad, que es el campo

---

[7] Apéndice de la *Petición de Certiorari*, págs. 63-70.
[8] Apéndice de la *Petición de Certiorari*, pág. 65.
[9] Apéndice de la *Petición de Certiorari*, págs. 71-77.

industrial del patrono, y no se trata de una práctica ilícita de trabajo"; y que "no acudió a solicitar aumentos de sueldos y otros beneficios sino a defender los reglamentos de salubridad que le cobijan".[10]

Finalmente, el 8 de septiembre de 2023, notificada el 11 de septiembre de 2023, el TPI emitió la *Resolución* recurrida declarando No Ha Lugar la *Moción de Desestimación* presentada por el Auxilio Mutuo.[11] En su dictamen, el TPI concluyó y resolvió lo siguiente:

"[...]

Considerados como ciertos los hechos bien alegados en los párrafos 9-19 de la *Demanda* (SUMAC 1), conforme lo requiere el estándar de la Regla 10.2 de Procedimiento Civil, de esta surgen suficientes hechos y alegaciones que tienden a demostrar, en esta etapa de los procedimientos, que el reclamo presentado por la demandante, Sra. Nilda Rodríguez Vázquez, está fundamentado en la "justa causa" para su despido – conforme le fuera informado por el Hospital Español Auxilio Mutuo mediante comunicación del 19 de agosto de 2022.

Según alegado en la *Demanda* (SUMAC 1), la demandante fue despedida de su empleo como represalia por prestar testimonio (participar como testigo) y producir información sensitiva (de naturaleza confidencial y/o privilegiada) durante una reunión mediante la cual se dilucidaba un reclamo sobre posible violación al Reglamento Núm. 9184 de 1 de julio de 2020, conocido como el *"Reglamento Para la Construcción, Operación, Mantenimiento y Licenciamiento de los Hospitales en Puerto Rico"*. En la *Demanda* (SUMAC 1) se alega que dicha actividad es una protegida bajo la Ley 115-1991.

Contrario a lo reclamado por el Hospital Español Auxilio Mutuo, de los hechos bien alegados en la *Demanda* (SUMAC 1) no surge que la demandante Nilda Rodríguez Vázquez estuviera participando en una actividad que pueda colegirse y/o interpretarse como dirigida a su derecho a organizarse colectivamente y/o a negociar colectivamente - actividad que recae bajo la exclusiva jurisdicción de la *Junta Nacional de Relaciones del Trabajo* (mejor conocida como "NLRB" por sus siglas en inglés)-. Por tal razón, y considerados como ciertos los hechos bien alegados en la *Demanda* sobre dicho particular, estos son suficientes para derrotar la posición del Hospital Español Auxilio Mutuo en torno a que la jurisdicción para atender los reclamos de la Sra.

---

[10] Apéndice de la *Petición de Certiorari*, págs. 73-74.
[11] Apéndice de la *Petición de Certiorari*, págs. 78-79.

Nilda Rodríguez Vázquez recae exclusivamente sobre la NLRB."

Inconforme con dicha determinación, el Auxilio Mutuo acudió ante nos el 4 de octubre de 2023 mediante el presente recurso de *Petición de Certiorari*, en el cual señala que el TPI cometió el error siguiente:

Erró el Honorable Tribunal de Primera Instancia al denegar la Moción de Desestimación debido a que la reclamación es de la jurisdicción exclusiva de la Junta Nacional de Relaciones del Trabajo.

El 5 de octubre de 2023, el Auxilio Mutuo presentó una *Moción en Auxilio de Jurisdicción al Amparo de la Regla 79 del Reglamento del Honorable Tribunal de Apelaciones*, la cual fue declarada No Ha Lugar mediante la *Resolución* emitida y notificada ese mismo día.

El 16 de octubre de 2023, la Sra. Rodríguez Vázquez compareció ante nos mediante la presentación de un recurso de *Oposición a Certiorari*.

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**
**A.**

El recurso de *certiorari* es "un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Véase, además, *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). En el ámbito judicial, el concepto discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho." *IG Builders et al. v. BBVAPR*, supra, pág. 338. La discreción, "es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___

(2023); *800 Ponce de León v. AIG*, supra, a la pág. 174.

En el caso particular del Tribunal de Apelaciones, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita los asuntos interlocutorios que podemos revisar mediante un recurso de *certiorari*, bajo el entendimiento de que estos pueden esperar hasta la conclusión del caso para ser revisados en apelación. *IG Builders et al. v. BBVAPR*, supra, pág. 337. Dicha Regla dispone que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones "cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 [de Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57,] o de la denegatoria de una moción de carácter dispositivo." Regla 52.1 de Procedimiento Civil, *supra*.

No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia "cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, y en casos de relaciones de familia." *Íd*. Además, "en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia." *Íd*.

Al denegar la expedición de un recurso de *certiorari* en estos últimos casos, la Regla 52.1 de Procedimiento Civil, *supra*, dispone que "el Tribunal de Apelaciones no tiene que fundamentar su decisión." *Íd*.

A su vez, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que el Tribunal de Apelaciones deberá tomar en consideración al determinar si procede la expedición de un recurso de *certiorari* o de

una orden de mostrar causa. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia." Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**B.**

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R.10.2, es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428-429 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006). Dicha Regla dispone, en lo pertinente, lo siguiente:

> "Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: **(1) Falta de jurisdicción sobre la materia;** (2) Falta de jurisdicción sobre la persona; (3) Insuficiencia del emplazamiento; (4) Insuficiencia del diligenciamiento del emplazamiento; (5) Dejar de exponer una reclamación que justifique la concesión de un remedio; (6) Dejar de acumular una parte indispensable." (énfasis suplido) Regla 10.2 de Procedimiento Civil, *supra.*

La jurisdicción sobre la materia ha sido definida como "la capacidad del Tribunal para atender y resolver una controversia

sobre un aspecto legal". *MCS Advantage v. Fossas Blanco et al.*, 2023 TSPR 8, 211 DPR \_\_\_ (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). Sobre el particular, se ha señalado que el Estado, a través de sus leyes, es quien único puede otorgar o privar a un tribunal de jurisdicción sobre la materia. *Íd.; Unisys v. Ramallo Brothers*, supra. Así pues, para privar a un tribunal de jurisdicción, es necesario que algún estatuto lo disponga expresamente o que surja de él por implicación necesaria. *Báez Rodríguez et al. v. E.L.A.*, 179 DPR 231, 241 (2010); *Mun. Arecibo v. Mun. Quebradillas*, 161 DPR 109, 114 (2004); *J. Directores v. Ramos*, 157 DPR 818, 824 (2002).

Presentes las antedichas circunstancias, la falta de jurisdicción sobre la materia acarrea las siguientes consecuencias: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Beltrán Cintrón et al. v. ELA et al.*, supra, págs. 101-102. Véase, además, *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372-373 (2018).

En consecuencia, si un tribunal determina que carece de jurisdicción sobre la materia para atender determinado asunto, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268-269 (2018); *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013). Ello, pues, es harto reiterado que la falta de jurisdicción es insubsanable. *JMG Investment v. ELA et al.*, 203

DPR 708, 714 (2019); *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016).

## c.

Aprobada en 1935, la National Labor Relations Act (NLRA), 29 USC sec. 151-169, alienta la práctica y el procedimiento de la negociación colectiva entre los trabajadores y los patronos para resolver disputas industriales que surjan de controversias en cuanto a salarios, horarios, u otras condiciones de trabajo. 29 USC sec. 151.

La Sección 7 de la NLRA protege los derechos de los empleados a organizarse, a constituir, afiliarse o ayudar a organizaciones obreras, a negociar colectivamente a través de representantes seleccionados por ellos mismos, y a dedicarse a otras actividades concertadas con el propósito de negociar colectivamente u otro fin de ayuda o protección mutua. 29 USC sec. 157. La Sección 8, a su vez, prohíbe a los empleadores y sindicatos llevar a cabo ciertas 'prácticas ilícitas de trabajo' como interferir en el ejercicio de los derechos de la Sección 7 de los empleados. 29 USC sec. 158(a), (b).

Para poner en vigor la NLRA, el Congreso creó la Junta Nacional de Relaciones del Trabajo (Junta). Véase, 29 USC sec. 153. En virtud de la NLRA, la Junta está facultada para prevenir que cualquier persona lleve a cabo cualquiera de las prácticas ilícitas de trabajo (enumeradas en la Sección 8) que afecten el comercio. 29 USC sec. 160(a).[12] Se reconoce que esta agencia federal tiene jurisdicción exclusiva para entender en asuntos fundamentados en las Secciones 7 y 8 de la NLRA. Véase, *González v. Mayagüez Resort & Casino,*176 DPR 848, 858-859 (2009); *Díaz Arroyo v. Hos. Dr. Susoni,* 169 DPR 53 (2006); *Vargas v. Molinos Nacionales, Inc.*, 134

---

[12] En cuanto al proceso ante la Junta, Véase, 29 CFR sec. 101.2, 101.4, 101.8., 101.10-101.12 (2021). Véase, además, 29 USC sec. 160(b), (c), (e), (f).

DPR 919 (1993); *Rivera v. Security Nat. Life Ins. Co.,* 106 DPR 517 (1977).

Por otra parte, es una regla fundamental que, cuando una ley estatal entra en conflicto con una ley federal, la federal prevalece sobre la estatal. Esta regla surge de la Cláusula de Supremacía de la Constitución de los Estados Unidos y se conoce como la doctrina de desplazamiento o campo ocupado ("*preemption*"). *Íd.*; Art. VI, Sec. 2, Const. EE. UU., LPRA, Tomo 1.

Recientemente, el Tribunal Supremo de los Estados Unidos, refiriéndose a la doctrina establecida en *San Diego Building Trades Council v. Garmon,* 359 US 236 (1959), (*Garmon*) señaló que "[p]reemption under the NLRA is unusual, though, because our precedent maintains that the NLRA preempts state law even when the two only *arguably* conflict." *Glacier Northwest, Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174,* 598 US ___ (2023).

En *Garmon,* se estableció que "[w]hen an activity is arguably subject to §7 or §8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board". *San Diego Building Trades Council v. Garmon,* supra, pág. 245. Esta doctrina, según explicó el Tribunal Supremo de los Estados Unidos, va más allá de la regla general de desplazamiento de la doctrina de campo ocupado. *Glacier Northwest, Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174,* supra. Bajo *Garmon,* según señaló el Tribunal Supremo Federal, "States cannot regulate conduct "that the NLRA protects, prohibits, or arguably protects or prohibits." *Íd.*, citando a *Wis. Dep't of Indus., Labor & Human Rels. v. Gould, Inc.,* 475 US 282, 286 (1986). El estándar aplicable en estos casos es, por tanto, el siguiente:

> "Though broad, this standard has teeth. *Longshoremen v. Davis*, 476 U. S. 380, 394, 106 S. Ct. 1904, 90 L. Ed. 2d 389 (1986) ("The precondition for pre-emption, that the conduct be 'arguably' protected or prohibited, is not without substance"). It requires more than "a

conclusory assertion" that the NLRA arguably protects or prohibits conduct. *Ibid.* "[A] party asserting pre-emption must advance an interpretation of the [NLRA] that is not plainly contrary to its language and that has not been 'authoritatively rejected' by the courts or the Board." *Id.*, at 395, 106 S. Ct. 1904, 90 L. Ed. 2d 389. The party must then "put forth enough evidence to enable the court to find that the Board reasonably could uphold a claim based on such an interpretation." *Ibid.*

If the court determines that the party has met its burden to show that "there is an arguable case for pre-emption," it generally must grant the party's preemption defense and await the Board's resolution of the legal status of the relevant conduct. *Id.*, at 397, 106 S. Ct. 1904, 90 L. Ed. 2d 389. After that, "only if the Board decides that the conduct is not protected or prohibited [by the NLRA] may the court entertain the litigation." *Ibid.* "[W]hen properly invoked," *Garmon* thus "tells us not just what law applies (federal law, not state law) but who applies it (the National Labor Relations Board, not the state courts or federal district courts)." *Trollinger v. Tyson Foods, Inc.*, 370 F. 3d 602, 608 (CA6 2004)." (nota al calce en el original omitida) *Glacier Northwest, Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*, supra.

En Puerto Rico, en *González v. Mayagüez Resort & Casino*, supra, pág. 859, nuestro Tribunal Supremo, al interpretar esta norma, señaló que "[h]ay jurisdicción exclusiva de la Junta Nacional sobre actividades protegidas por la Sec. 157, *supra*, o que constituyen una práctica ilícita del trabajo bajo la Sec. 158." Señaló, además, que, "[p]ara determinar si un tribunal local puede adjudicar una controversia bajo esta ley hay que examinar si la controversia es idéntica o diferente de la que ha podido ser presentada ante la Junta". (cita omitida) *Íd.*, pág. 862. Explicó que "[p]recisamente cuando la conducta alegada está sujeta a ser sancionada por la Ley Taft-Hartley es que opera la doctrina de jurisdicción exclusiva de la Junta". *Íd.*

### III

En su recurso de *Petición de Certiorari*, el Auxilio Mutuo señala como único error que "[e]rró el Honorable Tribunal de Primera Instancia al denegar la Moción de Desestimación debido a que la reclamación es de la jurisdicción exclusiva de la Junta Nacional de Relaciones del Trabajo." En síntesis, el Auxilio Mutuo

alega que será imposible para el TPI emitir una determinación en este caso sin pasar juicio a la misma vez sobre asuntos de la jurisdicción exclusiva de la Junta.

En el caso ante nuestra consideración, tratándose de la denegatoria de una moción de carácter dispositivo, estamos facultados, conforme a lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, para revisar esta determinación mediante un recurso de *certiorari*. Sin embargo, según expusimos, la expedición de un recurso de *certiorari* sigue siendo una decisión discrecional del tribunal, la cual debemos ejercer tomando en consideración los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Luego de evaluar el recurso de *Petición de Certiorari* presentado por el Auxilio Mutuo, determinamos que no hay motivos para ejercer nuestra función revisora en esta etapa de los procedimientos. No surgen indicios de que haya mediado prejuicio, parcialidad o error craso y manifiesto por parte del TPI. Los fundamentos en que el TPI basa su determinación tampoco son contrarios a derecho. Evaluadas las alegaciones presentadas en la demanda a la luz del derecho expuesto, entendemos que el TPI puede pasar juicio sobre las controversias que presenta este caso relacionadas a si medio justa causa para el despido de la Sra. Rodríguez Vázquez sin inmiscuirse en asuntos que son de la jurisdicción exclusiva de la Junta. La reclamación de la Sra. Rodríguez Vázquez no está fundamentada en violaciones a las Secciones 157 y 158 del NLRA, *supra*, sino en violaciones a la Ley Núm. 80 de 30 de mayo de 1976, *supra*, y la Ley Núm. 115-1991, *supra*, por lo que el TPI tiene jurisdicción para atenderla.

**IV**

Por los fundamentos expuestos, se deniega la expedición del recurso de *Petición de Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones