Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| JOSÉ E. SÁNCHEZ OJEDA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS<br><br>Recurrido | KLRA202500324 | *Revisión Administrativa* procedente de la Comisión Apelativa del Servicio Público<br><br>Sobre: Clasificación de Puestos (PCRU)<br><br>Caso Núm. 2023-06-0635 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 19 de agosto de 2025.

La parte recurrente, José E. Sánchez Ojeda, comparece ante nos solicitando que revisemos la *Resolución* administrativa emitida por la Comisión Apelativa del Servicio Público (CASP) el 8 de abril de 2025. Mediante la misma, la CASP desestimó un recurso de apelación por falta de jurisdicción, presentado por el recurrente.

Por los fundamentos que expondremos a continuación, *confirmamos* la *Resolución* recurrida.

### I

El 1 de marzo de 2023, se le notificó a la parte recurrente una comunicación emitida el 23 de febrero de 2023 por el Departamento del Trabajo y Recursos Humanos (en adelante, Departamento).[1] Mediante la misma, se le informó al señor José E. Sánchez Ojeda que su puesto de Director Ejecutivo II fue reclasificado como Oficial Administrativo Senior, a tenor con lo dispuesto en la Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico, Ley Núm. 8 de 4 de febrero de 2017, 3

---

[1] Apéndice del recurso, pág. 9.

Número Identificador

SEN2025 _____

LPRA sec. 1469.[2] Según expresó, el estatus del empleo del recurrente, permanecería inalterado y con un sueldo mensual de tres mil quinientos sesenta y cuatro dólares ($3,564.00).

De la referida comunicación surge que se le hicieron las siguientes advertencias a la parte recurrente; si no estuviese de acuerdo con la acción notificada, tendría un término de treinta (30) días calendario a partir del recibo de la comunicación para presentar un recurso de revisión administrativa ante la Autoridad Nominadora. Una vez presentado el recurso de revisión, la Autoridad Nominadora tendría un término de sesenta (60) días calendario, a partir del recibo de la solicitud, para notificar a la parte la determinación tomada. Ahora bien, si la decisión en torno a la revisión administrativa no resultare satisfactoria, la parte podría recurrir ante la CASP mediante una solicitud de apelación, en un término de treinta (30) días calendario, a partir del recibo de la notificación de la determinación final de la Autoridad Nominadora. Si dentro de sesenta (60) días calendario la parte no hubiese recibido una determinación por parte de la Autoridad Nominadora, podría presentar una apelación ante la CASP en los próximos treinta (30) días calendario, contados a partir del vencimiento de los sesenta (60) días para que la Autoridad Nominadora notificara su decisión.

Al no estar conforme con la determinación emitida, el 10 de marzo de 2023, la parte recurrente presentó *Solicitud de Impugnación Plan de Clasificación* ante el Departamento del Trabajo y Recursos Humanos.[3] En esta, planteó que su nueva clasificación representaba una degradación de su cargo y no se relacionaba con las funciones y preparación académica al puesto por el cual fue nombrado originalmente.

---

[2] *Íd.,* pág. 12.
[3] *Íd.,* pág. 13.

Posteriormente, el 12 de mayo de 2023, el Departamento notificó una determinación, en la que sostuvo que la clasificación de la parte recurrente, como Oficial Administrativo Senior, permanecería inalterada.[4] Así las cosas, el 9 de junio de 2023, la parte recurrente presentó *Solicitud de Apelación por Derecho Propio* ante la CASP.[5] En esta, alegó que el Departamento incumplió con lo establecido en la Carta Normativa Núm. 1-2023 y la Ley Núm. 8-2017, *supra*, al momento de reclasificar su puesto. Añadió, que el referido Departamento, determinó que la clasificación asignada fue cónsona con las tareas incluidas en la descripción de deberes de su cargo, sin evaluar aspectos adicionales como la preparación académica, lo cual, según alegó, lo ubicaría en una escala de retribución superior. Consecuentemente, solicitó a la CASP que reconsiderara la clasificación asignada.

Luego de examinada la solicitud de apelación, el 8 de abril de 2025, la CASP emitió una *Resolución,* mediante la cual desestimó la solicitud presentada por falta de jurisdicción.[6] En lo atinente, el organismo concluyó que la petición en controversia fue presentada fuera del término establecido en el Artículo 13 del Plan de Reorganización Núm. 2-2010, 3 LPRA Ap. XIII y el Artículo I, Sección 1.2(a) y (b) del Reglamento Procesal Núm. 7313, de 6 de marzo de 2007. En específico, el foro administrativo determinó que la parte recurrente presentó la solicitud de apelación fuera del término jurisdiccional de treinta (30) días, luego de transcurridos los sesenta (60) días de la falta de notificación de la determinación del Departamento. Según sostuvo el foro administrativo, el referido término venció el 8 de junio de 2023, día anterior a la presentación del recurso ante CASP.[7]

---

[4] *Íd.,* págs. 38 y 41.
[5] *Íd.,* pág. 40.
[6] *Íd.,* pág. 2.
[7] *Íd.,* pág. 2.

Inconforme, y luego de denegada una previa solicitud de reconsideración, el 2 de junio de 2025, la parte recurrente compareció ante nos mediante el presente recurso de revisión judicial. En el mismo formula el siguiente señalamiento de error:

> Erró la Comisión Apelativa del Servicio Público al desestimar la apelación presentada por falta de jurisdicción y determinar que el término para apelar venció el 8 de junio de 2023.

## II

### A

La Comisión Apelativa del Servicio Público (CASP), constituye el organismo administrativo mediante el cual se canalizan aquellas reclamaciones de índole obrero patronal y del principio de mérito relativas a los empleados públicos cobijados por la Ley de Relaciones del Trabajo del Servicio Público de Puerto Rico, Ley Núm. 45-1998, 3 LPRA 1451 *et seq.*, y por la Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico, Ley Núm. 8-2017, 3 LPRA sec. 1469 *et seq.* La referida entidad se creó mediante la aprobación del Plan de Reorganización de la Comisión Apelativa del Servicio Público, Plan de Reorganización Núm. 2 de 26 de julio de 2010, 3 (A) LPRA Ap. XIII, fusionando en ella organismos con facultades análogas, todo para optimizar la gestión adjudicativa de los asuntos que le fueron delegados.

En cuanto a los términos del procedimiento apelativo ante la CASP, el Artículo 13 del Plan de Reorganización Núm. 2-2010, supra, establece como sigue, a continuación:

> El procedimiento para iniciar una querella o apelación por una parte adversamente afectada en aquellos casos contemplados bajo el Artículo 11 de este Plan será el siguiente:
>
> La parte afectada deberá presentar escrito de apelación a la Comisión dentro **del término jurisdiccional de treinta (30) días**, contados a partir de la fecha en que se le notifica la acción o decisión, objeto de apelación,

en caso de habérsele notificado por correo, personalmente, facsímile o correo electrónico, o desde que advino en conocimiento de la acción o decisión por otros medios.
[...]

3(A) LPRA Ap. XIII

Cónsono a lo anterior, la CASP adoptó el Reglamento Procesal Núm. 7313 de 6 de marzo de 2007. Este cuerpo reglamentario tiene el propósito de establecer y actualizar los mecanismos y normas procesales que regirán el descargo de la función adjudicativa de la Comisión Apelativa. En lo que respecta al presente caso, el Artículo I, Sección 1.2(a) y (b) del Reglamento Procesal Núm. 7313, supra, establece, primeramente, que, "la solicitud de apelación se radicará en la Secretaría de la Comisión dentro del término jurisdiccional de treinta (30) días consecutivos a partir de la fecha de notificación de la acción o decisión objeto de apelación en caso de habérsele cursado comunicación escrita, o desde que advino en conocimiento de la acción o decisión por otros medios".  Por otro lado, el precitado Reglamento establece que, "de no existir una determinación final escrita, y la parte afectada hubiese hecho un planteamiento o reclamo, por escrito a la Autoridad Nominadora, **y no reciba respuesta alguna en los siguientes sesenta (60) días desde que cursó la misiva, la parte afectada tendrá un plazo jurisdiccional de treinta (30) días, contados a partir del vencimiento del término de sesenta (60) días, para presentar una solicitud de apelación ante la Comisión".**

**B**

Un término es un plazo de tiempo que una ley concede para ejercer un derecho o realizar un acto procesal. Los términos contenidos en nuestro ordenamiento procesal son para que las partes actúen dentro de ellos y los efectos de sus inobservancias varían. Así, en lo pertinente, nuestras reglas procesales reconocen que existen distintos tipos de plazos, a saber: los directivos o de

cumplimiento estricto y los jurisdiccionales. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. Lexis Nexis de Puerto Rico, 2017, pág. 230; *Rosario Domínguez et als. v. ELA et al.,* 198 DPR 197, 208 (2017); *B.B.V. v. E.L.A.,* 180 DPR 681, 688 (2011).

Los términos jurisdiccionales son los que no están sujetos a ser interrumpidos o a que se cumplan de forma tardía. *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012). Contrario a los términos de cumplimiento estricto, los términos jurisdiccionales son fatales, improrrogables e insubsanables, rasgos que explican por qué no pueden acortarse, como tampoco son susceptible de extenderse. *Rosario Domínguez et als. v. ELA et al.*, supra, 208; *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). "Sólo los requisitos de cumplimiento estricto, no los jurisdiccionales, pueden eximirse por causa justificada oportunamente invocada". *Martínez, Inc. v. Abijoe Realty Corp.*, supra, pág. 7; *Colón Morales v. Rivera Morales*, 146 DPR 930, 936 (1998). Los términos jurisdiccionales o fatales se denominan como tal "porque transcurren inexorablemente, no importa las consecuencias procesales que su expiración provoque". R. Hernández Colón, *op. cit.,* 234. Por ello, nuestro Tribunal Supremo ha llamado la atención hacia "las graves consecuencias que acarrea el determinar que un término es de naturaleza jurisdiccional*". Bernier González v. Rodríguez Becerra*, 200 DPR 637, 657 (2018); *Cruz Parrilla v. Depto. Vivienda*, supra, págs. 403-404; *J. Directores v. Ramos*, 157 DPR 818, 823-824 (2012). Esta es la razón por la cual, tal calificativo "debe surgir claramente la intención legislativa del legislador de imponerle esa característica al término". *Bernier González v. Rodríguez Becerra,* supra, pág. 657*; Cruz Parrilla v. Depto. Vivienda*, supra, pág. 404; *J. Directores v. Ramos*, supra, págs. 823-824. Nuestro Tribunal Supremo reafirmó su doctrina sobre los términos jurisdiccionales,

en particular, en los procedimientos administrativos, en *Benítez Nieves v. ELA et al.*, 202 DPR 818, 828 (2019). Allí, nuestro más Alto Foro enfatizó que "cuando el legislador ha querido que un término para resolver un asunto sea fatal, lo establece expresamente en la ley".

Por otro lado, "las agencias administrativas están obligadas a observar estrictamente las reglas que ellas mismas promulgan". "Una vez se ha adoptado una norma, la agencia administrativa debe cumplirla y aplicarla en la manera en que está concebida, sirviendo siempre a los propósitos, los objetivos y la política pública que forjaron". *Íd.* pág. 828.

### c

Es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank,* 2024 TSPR 70, 214 DPR ___ (2024); *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 2024 TSPR 29, 214 DPR ___ (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). En este contexto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

> El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.

> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.

Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.

3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la razonabilidad de la actuación del organismo. *Rolón Martínez v. Supte. Policía,* supra, pág. 35. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emita, siempre que estén sostenidas por evidencia sustancial que surja de la totalidad del expediente administrativo. *Vázquez v. Consejo de* Titulares, 2025 TSPR 56, 215 DPR ___ (2025); *Otero v. Toyota,* 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias,* 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Supte. Policía,* supra, pág. 36; *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 437 (1997). Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para derrotar la presunción de corrección y regularidad que les asiste. *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 128 (2019).

Ahora bien, esta regla basada en deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable, o ilegal. *Jusino Rodríguez v. Junta de Retiro,* supra; *Otero Rivera v. USAA Fed. Savs. Bank,* supra; *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra; *Costa Azul v. Comisión,* 170 DPR 847, 852 (2007).

Por su parte, nuestro máximo Foro ha expresado que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales". *Vázquez v. Consejo de Titulares*, supra. Por tanto, al revisar las conclusiones de derecho que hace una agencia, nuestro Tribunal Supremo ha enfatizado que estas serán revisables en todos sus aspectos. *Íd.* Por lo cual, a pesar de que la interpretación de una agencia merece un grado de respeto, dicho cortesía no equivale a que los foros apelativos opten por renunciar a su función revisora. *Íd.*

**III**

En la presente causa, la parte recurrente señaló que la CASP erró al emitir la *Resolución* recurrida, ello al desestimar la apelación presentada por falta de jurisdicción. Habiendo examinado los referidos planteamientos a la luz de los hechos y del derecho aplicable, confirmamos el dictamen recurrido.

Conforme surge, la parte recurrente fue notificado el 1 de marzo de 2023, de su nueva clasificación de empleo. Según se desprende, el recurrente no estuvo de acuerdo con su nueva clasificación por lo que presentó un recurso de revisión administrativa ante el Departamento, el 10 de marzo de 2023. Sin embargo, la Autoridad Nominadora notificó la determinación final, luego del término de sesenta (60) días, en específico el 12 de mayo de 2023. Así, el señor José E. Sánchez Ojeda presentó una apelación ante la CASP el 9 de junio de 2023.

Ahora bien, según hemos esbozado anteriormente, una vez presentada la solicitud de revisión administrativa, la Autoridad Nominadora disponía de sesenta (60) días para emitir una determinación. Si en dicho término no se notificaba la decisión, la parte afectada tenía treinta (30) días para solicitar la apelación ante la CASP, desde el término de sesenta (60) días. Como bien determinó el foro administrativo, la CASP carecía de jurisdicción toda vez que

la parte recurrente no presentó la apelación, ante dicho ente, en el término de treinta (30) días, una vez vencido el plazo de sesenta (60) días que tenía el Departamento para notificar su decisión. Tal cual esbozado, el término dispuesto de treinta (30) días para presentar la apelación ante la CASP es de carácter jurisdiccional. Así pues, habiendo presentado el recurso de apelación ante la CASP, el 9 de junio de 2023, vencido el término jurisdiccional, únicamente podemos concluir que la intervención de la CASP quedó preterida.

En mérito de todo lo expuesto, sostenemos el dictamen recurrido en toda su extensión. Siendo así, la CASP actuó correctamente en desestimar el recurso presentado por carecer de jurisdicción para atender el mismo.

**IV**

Por los fundamentos esbozados, confirmamos el dictamen recurrido.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones